[No. 562. Decided August 12, 1892.]

OREGON IMPROVEMENT COMPANY, *Respondent*, v. JOHN SAGMEISTER AND MATILDA SAGMEISTER, *Appellants*.

HUSBAND AND WIFE—COMMUNITY PROPERTY—FOR WHAT DEBTS LIABLE.

A business prosecuted by the husband in the interest of the community, and from which the community will receive the benefits and profits, is a community business, and for debts incurred in the prosecution thereof, the property of the community is liable.

*Appeal from Superior Court, King County.*

*Fred. H. Peterson*, for appellants.

*Orange Jacobs*, for respondent.

The opinion of the court was delivered by

HOYT, J.—The only question presented in this case is as to whether or not a certain judgment recovered by respondent against John Sagmeister, one of the appellants, could be properly satisfied out of the community property of said appellant and his wife, Matilda Sagmeister, the other appellant. That the property of the community can only be sold for a community debt has been so often decided by this court, and is so clear, under our statute, that we do not deem it necessary to here say anything in that regard.

We will proceed at once to the consideration of the other question presented: Was the debt for which the judgment in question was recovered a community debt? The undisputed facts showed, and the court below found, that it was for materials furnished to the husband in the prosecution of his business as a contractor and builder. Is a business prosecuted by the husband in the interest of the community, and from which the community will receive the benefits and profits, if any there are, a community business? We think it is. We cannot conceive that it was the intention of the legislature to have created an entity, and to have provided that all property coming into the hands of the husband should be *prima facie* the property of such entity, without at the same time having intended that the action of such husband in his efforts to obtain property should be *prima facie* in the interest of such entity. If the husband obtained any property by virtue of his exertions, it would, *prima facie* at least, be the property of the community, and we think it must follow that in his efforts to obtain property it must *prima facie* be presumed that he acts for the community. Applying these principles to the case at bar, it must be held that the husband, in conducting such business of contractor and builder, was acting for the community; and, thus holding, it would not only be an anomalous but an unconscionable position to hold that the community was not at least *prima facie* responsible for the results of such business. If the business resulted in profit, such profit would belong to the community. Can it with good conscience be said that, if it resulted in loss, the community should not be responsible? We think that every legal business conducted by the husband is *prima facie* in the interest of the community, and that, unless something appears to establish the contrary, the community is entitled to the profits thereof, and must bear the losses incident thereto. It follows that, under the circumstances of this

case, the property of the community must be held to respond to the judgment in question.

Judgment of the lower court must be affirmed.

Anders, C. J., and Stiles and Scott, JJ., concur.

Dunbar, J., concurs in the result.