[No. 2373. Decided November 16, 1896.]

GEORGE C. McKEE, *Respondent*, v. F. H. WHITWORTH *et ux.*, *Appellants*.

APPEAL — FAILURE TO EXCEPT TO FINDINGS OF FACT — CONTRACTS — WHEN SURETY PRIMARILY LIABLE — LIABILITY OF COMMUNITY FOR SURETYSHIP DEBT.

When findings of fact made by the lower court are not excepted to, they must be considered on appeal as setting forth the facts in the case.

Where a surety, in order to avoid suit at the maturity of a note upon which he is liable, makes a new note to the payee with himself and wife as principals, under an agreement that such note should be the principal debt and that the original note should be held by the payee as collateral to the new note, he cannot insist that it is the duty of the payee to first collect such original note.

Where a husband and wife are liable upon a promissory note executed by them evidencing a community indebtedness, the wife cannot escape liability from the fact that an extension of the time of payment of the note was secured by the husband for a valuable consideration, without her knowledge or consent.

Appeal from Superior Court, King County.— Hon. THOMAS J. HUMES, Judge. Affirmed.

*Stratton, Lewis & Gilman,* for appellants.

*Thompson, Edsen & Humphries,* and *R. J. Huston,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The statement of this case, as we view

it, is pretty much all there is to it. The action is upon a promissory note signed by the defendants, in favor of the plaintiff, dated May 4, 1893, for $2,508.80. The complaint contains the usual affirmations and, in addition, alleges that the defendants are husband and wife; and that the note was given for a community debt. The affirmative answer, upon which the defendants rely, is in substance that, at the date of the execution of the note by defendants, one Jennings and wife were indebted to plaintiff on a note dated May 4, 1892, in the sum of $2,240, and accrued interest, amounting to $2,260.80, which was secured by a mortgage on certain real property owned by Jennings and wife; and that the note in suit was made as collateral security for the Jennings' note; that the Jennings' note is still unpaid; that neither of the defendants received any value for the making of said alleged collateral note, but that the same was made for the accommodation of Jennings and wife, and that this fact was known to the plaintiff; that on the 7th day of May, 1894, plaintiff and Jennings and defendant F. H. Whitworth entered into an agreement in writing whereby it was agreed, in consideration of the payment to plaintiff of $225, that plaintiff would extend the time of payment of the note sued on for six months from May 4, 1894, and that the rate of interest reserved in said note should be reduced to twelve per cent. per annum; that Jennings thereupon paid said $225, and the said extention was made without the knowledge or consent of the defendant Ada J. Whitworth. A second affirmative defense alleges that plaintiff still holds the Jennings and wife note and mortgage and has taken no steps to realize the amount due out of the makers or the mortgaged property. A demurrer was interposed to the affirmative defense, which was

overruled. Whereupon the affirmative matter pleaded in the answer was denied by reply. The cause was tried without a jury, and judgment rendered in favor of plaintiff, as prayed for in the complaint.

The appellants contend that the amount of the judgment is excessive; that upon the facts found by the court, the defendant Ada J. Whitworth is entitled to judgment in her favor; that, inasmuch as the note sued upon was a mere accommodation note and the time for the payment was extended without the knowledge or consent of Mrs. Whitworth, she is released from her responsibility; and further that, under the agreements entered into in this case, it was the duty of the plaintiff to collect the first note given by Jennings and wife.

The findings of fact were not excepted to and must, therefore, be considered the facts in the case. On the question of the excess of judgment, the court having found the amount due from defendants to plaintiff on the note, and that fact not having been excepted to, this court will not inquire into the correctness of the computation made by the trial court.

From the findings, it appears that defendant Whitworth was surety upon the note executed by Jennings and wife to the plaintiff on the 4th day of May, 1892; that after the maturity of that note and on the 4th day of May, 1893, the defendants, in order to prevent any action being brought by the plaintiff against defendant Whitworth as surety, and for the purpose of relieving said Whitworth from liability on said note, executed to the plaintiff the promissory note which is the subject of this suit. This is set forth in the agreement entered into at the time of the execution of the note. The court found, and the agreement plainly shows, that it was the evident intention of the par-

ties, that the note in suit was given in payment as between respondent and Jennings and wife and F. H. Whitworth, and that the note in suit became the principal debt, and the original note became collateral security for the note in suit. The condition of the agreement is as follows:

" Whereas said Whitworth has given his own promissory note, signed by his wife, Ada J. Whitworth, to the said George C. McKee, for the sum of $2,508.80, payable one year after date, for the purpose of preventing any action being brought against him as surety, and for the purpose of satisfying said McKee and of relieving himself from any liability on said first named note (with the express understanding and agreement, however, that said last named note is to be paid when due). Now, it is hereby agreed that said first named note and mortgage shall be left with said George C. McKee as collateral security for said last named note. And it is agreed that, upon payment of said last named note, said George C. McKee will assign said first named note and mortgage to such person or persons as shall be directed by said Whitworth, it being the express understanding and intent of the parties hereto that the indebtedness secured by said mortgage shall not merge in the indebtedness created by said last named note, but that said Whitworth shall have said mortgage upon payment of said last named note, as security for all moneys paid and advanced by him for and on account of said Jennings."

Afterwards, on the 7th day of May, 1894, defendant F. H. Whitworth and the said W. J. Jennings, by L. C. Gilman, his attorney, and the plaintiff George C. McKee, by R. J. Huston, his attorney, without the knowledge or consent of the defendant Ada J. Whitworth, made and entered into a memorandum of agreement, the pertinent portion of which is as follows:

"Witnesseth, that whereas said second party holds the promissory note of F. H. Whitworth and wife for the sum of $2508.80, which is now overdue, secured by the collateral note of F. H. Whitworth and W. J. Jennings to the second party, said last named note being secured by mortgage; and whereas first parties desire an extension of time upon said mentioned note of six months from the 4th day of May, A. D. 1894; now it is agreed hereby that the second party does grant said extension upon the following terms and conditions, to-wit," etc.

It would seem that, considering the terms of these agreements, and especially in view of the statements in the agreement that the note of F. H. Whitworth and wife was secured by the collateral note of F. H. Whitworth and W. J. Jennings, there is hardly room for the construction claimed by the appellants that the Jennings note was the principal note which should have been collected before resorting to the defendants upon their note. So far as the claim put forth in the interest of Mrs. Whitworth is concerned, she saw fit to sign this note to relieve her husband from being pressed upon the first note, upon which he was a surety, and she, of course, became liable upon her own contract. This contract, then, being a community contract, she would be bound under the frequent decisions of this court, by any action of her husband which was for the benefit of the community interest; and the facts as found by the court, show that the action of F. H. Whitworth in extending the time of payment was prompted by a desire to prevent the community from being sued upon the community debt, and was in the direct interest of the community; and, under the doctrine announced in the case of *Horton v. Donohoe Kelly Banking Co., ante,* p. 399, the community will be bound.

The judgment will be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.