[No. 8145. Department Two. March 28, 1910.]

SALINA McGREGOR, *Respondent*, v. J. B. JOHNSON *et al.,*
*Appellants.*[1]

HUSBAND AND WIFE—COMMUNITY DEBTS—WRONGFUL ACT OF HUS-
BAND. Where a married man, engaged in the real estate business,
acted as plaintiff's agent in the purchase of property, and misrep-
resented the price paid, thereby wrongfully making a profit over
and above his commissions, the principal may recover a community
judgment against the agent and his wife for the difference between
the price actually paid by the agent and the amount represented by
him as paid; since the wrongful profit made by the agent would be
community property.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered January 15, 1909, upon findings
in favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action for fraud. Affirmed.

*Wm. Parmerlee*, for appellants.
*Shorett & Shorett*, for respondent.

CROW, J.—Action by Salina McGregor against J. B.
Johnson and Annie M. Johnson, his wife, to recover $1,300,
difference between the actual price of real estate bought for
plaintiff by the defendant J. B. Johnson as her agent and an
advance price represented by him and paid by her. The trial
court, after hearing the evidence, in substance found, that
the defendants, J. B. Johnson and Annie M. Johnson, are
husband and wife; that the profits arising from the trans-
action here involved inured to the benefit of the community;
that the defendant J. B. Johnson, being engaged in the real
estate business, represented to the plaintiff that, if she would
authorize and trust him to purchase real estate for her, he
would be able to secure investments below the market value
and earn large profits; that, relying on his honesty, ability,
and representations, the plaintiff appointed him as her agent

[1]Reported in 107 Pac. 1049.

to purchase real estate, he to receive as his compensation the regular commissions from vendors; that on or about October 15, 1907, he advised her to enter into a written contract with one L. Bear, a spinster, for the purchase of certain real estate for $5,000; that plaintiff executed the contract and paid $1,500 thereon; that on or about October 16, 1907, the same real estate was sold by one A. Youngquist and wife to L. Bear for $3,700, by written contract, in which at the defendant's request, the consideration was recited as $5,000; that L. Bear was a mere dummy in both contracts, neither receiving nor paying any consideration therefor; that her name was used to deceive the plaintiff and defraud her out of the difference between $5,000 and $3,700 which the defendant then and there received in addition to $200, commissions, and that immediately after discovering the fraud the plaintiff demanded the return of $1,300, which the defendants refused. Upon these findings a community judgment was entered in favor of the plaintiff, against both of the defendants, who have appealed.

Appellants' first contention is that the findings are not supported by the evidence, but after reading the entire record we conclude that they must be sustained.

Appellants further contend that the action in effect is one for damages arising out of the alleged wrongful act or tort of J. B. Johnson; that any liability thereby incurred became his separate obligation, and not that of the community consisting of himself and wife. In support of this contention they cite *Brotton v. Langert*, 1 Wash. 73, 23 Pac. 688, and *Floding v. Denholm*, 40 Wash. 463, 82 Pac. 738. The latter case, in so far as it can be applied to the facts now before us, fails to support the appellants' present contention. In the *Brotton* case the debt incurred arose out of the wrongful act of a constable in making an unwarranted levy and sale which in no way inured to the benefit of the community consisting of himself and wife.

Assuming in the case before us that the appellant J. B.

Johnson should be successful in retaining the $1,300 which he wrongfully obtained, there could be no question but that it would become the community property of himself and wife. Under our statute it certainly would not become his separate property. If we were to hold that the obligation he has wrongfully incurred to the respondent is now his separate debt, it would follow that the community, after receiving a financial benefit from his wrongful acts, could retain the same without being called to account or compelled to make restitution. Such a holding could find no support in either law or reason. The community having received the benefit, should now be estopped from denying its liability.

The judgment is affirmed.

RUDKIN, C. J., MOUNT, PARKER, and DUNBAR, JJ., concur.