[No. 9409. Department One. July 24, 1911.]

GEORGE MILNE, *Appellant*, v. M. FRANCIS KANE *et al.*, *Respondents.*[1]

HUSBAND AND WIFE—COMMUNITY DEBTS—TORTS OF HUSBAND IN COMMUNITY BUSINESS. The community is liable to a passenger for the tort of the husband in negligently driving an automobile for hire, where the automobile was operated for the benefit ·of the community.

Appeal from an order of the superior court for King county, Tallman, J., entered September 30, 1910, granting a new trial as to one defendant, after the verdict of a jury rendered in favor of the plaintiff and against both defendants, in an action for personal injuries sustained by a passenger in an automobile through a collision with a street car. Reversed.

*Trimble & Swasey*, for appellant.

*M. Francis Kane*, for respondents.

MOUNT, J.—The plaintiff brought this action to recover a judgment against the defendants on account of personal injuries received by him while being carried as a passenger for hire in an automobile. The automobile was operated for the benefit of the community consisting of. Mr. Kane and his wife. It was being driven by the defendant M. Francis Kane at a high rate of speed, and ran against a street car and injured the plaintiff. The case was tried to the court and a jury. The jury found a verdict in favor of the plaintiff and against both the defendants, for. $900. The defendants moved for a new trial. This motion was denied as to

[1]Reported in 116 Pac. 659.

Mr. Kane, and a judgment was thereupon entered against him, but was granted as to Mrs. Kane, upon the ground that the community was not liable. The plaintiff has appealed from the order granting a new trial as to Mrs. Kane.

The defendants rely upon the case of *Brotton v. Langert,* 1 Wash. 73, 23 Pac. 688, where it was held that, "community real estate is exempt from execution on a judgment rendered against the husband, who, as constable, wrongfully sold mortgaged personal property, under execution." The logic of that case no doubt supports the contention of the defendants here, but we do not desire to extend that doctrine so that it will cover cases where the community as such is the wrongdoer, as well as to cases where an individual member is a wrongdoer, as was the case there. In the case of *Floding v. Denholm,* 40 Wash. 463, 82 Pac. 738, we held that community property was liable upon a surety obligation entered into by the husband alone for the benefit of the community. We there distinguished the *Brotton* case, by saying that the liability of the husband in that case arose on account of a transaction which was not for the benefit of the community. In that case we said:

"The rule now is that community property is liable for a debt created by the husband for the benefit of the community. But such property is not liable for a debt created by a tort of either spouse, or one which is not for the benefit of the community."

See, also, *McGregor v. Johnson,* 58 Wash. 78, 107 Pac. 1049, 27 L. R. A. (N. S.) 1022.

In this case, if the negligence of the husband causing the injury may be held to be a tort, it was the tort of the community, because the husband was acting for the community. It is clear, we think, that, if the community consisting of the two defendants had employed a man to drive the automobile, and the negligence of this employee had caused the injury, the community would be liable. This would follow because the employee would be the agent of the community,

and for his negligence in the line of his duty the community would be liable. The fact that Mr. Kane was himself the driver, and was negligent, does not change the liability. He was one of the community, acting in the line of the business for the benefit of the community, and was as much an agent for both as an employee doing that work would have been. If the community joined in the tort, the community was liable. We are satisfied, therefore, that the negligence here, though actually committed by the husband, was the negligence of both himself and wife, because it was committed by him as agent of the community, in the line of his duty, in a business in which the community was engaged.

The trial court, therefore, erred in not entering a judgment against both defendants. The case will be remanded for that purpose.

DUNBAR, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.