[No. 9880.   Department One.   April 8, 1912.]

CORDELIA WOSTE, *Appellant*, v. HENRY RUGGE *et al.*,
*Respondents.*[1]

HUSBAND AND WIFE—COMMUNITY DEBT—TORTS OF HUSBAND—JUDG-
MENT AGAINST HUSBAND — ENFORCEMENT AGAINST COMMUNITY.   The
fact that an action in tort was prosecuted to judgment against a
husband alone for his negligent acts in the conduct of the com-
munity business, does not preclude the judgment creditor from as-
serting that the judgment was a community debt, in a subsequent
action brought against the husband and wife to subject community
property to the judgment.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered June 10, 1911, dismissing
an action to subject property to a judgment, upon sustain-
ing a demurrer to the complaint.   Reversed.

*Danson & Williams* (*George D. Lantz*, of counsel), for
appellant.

*Burcham & Blair*, for respondents Rugge.

PARKER, J.—The plaintiff commenced this action, seeking
a decree subjecting certain property, which she alleges be-
longs to the community composed of Henry Rugge and
Pauline Rugge, his wife, to the payment of a judgment
theretofore rendered against Henry Rugge in her favor,
which judgment she alleges to be the community obligation
of Henry Rugge and wife.   A demurrer to the complaint
upon the ground that it does not state facts constituting a
cause of action was sustained by the court.   The plaintiff
elected to stand upon her complaint and not plead further,
and thereupon a judgment of dismissal was rendered against
her.   From this disposition of the cause, the plaintiff has
appealed.

It is conceded that the facts alleged in the complaint show
that the property sought to be reached is the community

[1]Reported in 122 Pac. 988.

property of Henry Rugge and wife, legal title thereto being held in trust for them by others. The allegations of the complaint bearing upon the question of the judgment being a community obligation are as follows:

"That on or about the 7th day of October, 1909, the plaintiff suffered damages by reason of the acts of negligence of the defendant Henry Rugge and the community composed of Henry Rugge and Pauline Rugge his wife, and on Feb. 12, 1910, commenced an action in the superior court of Spokane county, against said Henry Rugge for the purpose of recovering judgment against said defendant and the said community for such damages so suffered, in which action said defendant appeared and such proceedings were thereafter had that on Sept. 26, 1910, judgment was regularly entered in favor of plaintiff and against said defendant Henry Rugge in the sum of $1,050, with interest from June 18, 1910, at 6 per cent per annum, and $52.80 costs, which judgment is a liability of said Henry Rugge and the community composed of Henry Rugge and Pauline Rugge, his wife, that the acts of negligence committed by said Henry Rugge and the community composed of Henry Rugge and Pauline Rugge, his wife, were the manner in which said defendants conducted a certain grocery store in which plaintiff was a customer and in which plaintiff sustained damages through the negligence of said defendants, in that said community consisting of Henry Rugge and Pauline Rugge maintained in said store an open trap door in the floor thereof, partially concealed and so located that plaintiff, in transacting business in said store fell through same and sustained the injuries for which said judgment was entered."

Appellant contends that these facts show the judgment to be a community obligation, because it grew out of acts performed by Henry Rugge in the conduct of the community business; and that, while the wife was not a defendant in that action and the question of the obligation being against the community was not rendered conclusive against her by the judgment, that question can be determined in this action. If the judgment rested upon a contractual obligation, there would seem to be no room for argument against these

contentions, in the light of our former decisions holding that a judgment rendered for a community debt against the husband in an action where the wife is not made a defendant in name, is enforcible out of the community property, though the question of the community character of the debt will remain open to the wife to be determined in some appropriate action or proceeding. *Oregon Imp. Co. v. Sagmeister*, 4 Wash. 710, 30 Pac. 1058, 19 L. R. A. 233; *Calhoun v. Leary*, 6 Wash. 17, 32 Pac. 1070; *Curry v. Catlin*, 9 Wash. 495, 37 Pac. 678, 39 Pac. 101; *Diamond v. Turner*, 11 Wash. 189, 39 Pac. 379. The plaintiff may have the question determined in the original action by making the wife a defendant with the husband. *McDonough v. Craig*, 10 Wash. 239, 38 Pac. 1034; *Clark v. Eltinge*, 29 Wash. 215, 69 Pac. 736; *Anderson v. Burgoyne*, 60 Wash. 511, 111 Pac. 777. Or the wife may have the question determined by intervention in the original action. *Gund v. Parke*, 15 Wash. 393, 46 Pac. 408.

But it seems well settled by the decisions first above cited that the question need not be finally settled in the original case, and will not be regarded as determined therein unless brought into the case in some proper manner. In none of the cases above cited does it appear that the liability of the community rested upon negligence or other wrongful act of the husband committed in the conduct of the community business. But in the later cases of *McGregor v. Johnson*, 58 Wash. 78, 107 Pac. 1049, 27 L. R. A. (N. S.) 1022, and *Milne v. Kane*, 64 Wash. 254, 116 Pac. 659, it was held that the community is liable for such acts of the husband, the same as it is liable upon contracts made by the husband for the community in the conduct of its business. In these cases, however, the wife was made a defendant in name; and it is now contended by counsel for respondent,

"That inasmuch as the former tort was brought against Henry Rugge only and judgment was taken only against him, this action will not lie. . . . That in order to enable

the plaintiff to take the community property under such a judgment, it is necessary that the wife should have been joined as a party defendant in the tort action, and that failure so to have joined her as defendant precludes the maintenance of any such action as this."

Counsel for respondent concede that the community may become liable for negligent acts of the husband performed in the conduct of the community business, under the decisions last above cited; but their present contention rests upon the theory that this judgment could in no event bind the community property, because it is in form against the husband only, and was rendered in an action where the husband alone was named as a defendant. It is insisted that the rule that the wife need not be made a party to the original action, in order to make the judgment the basis for a community claim, is applicable only to judgments resting upon contractual obligations; and that, when it is sought to hold the community for judgments arising out of negligence or other wrongful act of the husband, that the wife must have been made a party with the husband in the original action, before the judgment rendered therein can be of any force as a foundation for a claim against the community.

We are not able to agree with this contention. We think there is no sound reason for differentiating between cases involving these different classes of obligations, so far as the making of the wife a defendant is concerned. The only question she is interested in, to wit, that of the community character of the obligation, is equally open to her whether the obligation arises out of contract or negligence. So far as the merits of the claim is concerned, the husband defends, not only for himself, but for the community, even though the wife is not named as defendant. When the husband negligently maintained the trap door in the floor of the store belonging to and operated in the interest of the community, as alleged in this complaint, he was acting as agent for the community as completely as when he incurred a community

debt by the purchase of goods to replenish the stock in the store. We are not able to see that one was the act of the community any more or less than the other.

We are of the opinion that the learned trial court erred in sustaining the demurrer to the complaint. The judgment is reversed, with directions to overrule the demurrer, and for such further proceedings as are not inconsistent with this opinion.

DUNBAR, C. J., CROW, GOSE, and CHADWICK, JJ., concur.