[No. 11247. Department One. June 10, 1913.]

J. E. BIRD, *Trustee, Respondent,* v. CALLIE L. STEELE *et al.,*
*Appellants.*[1]

HUSBAND AND WIFE—COMMUNITY DEBTS—INDEMNITY—NATURE OF WIFE'S OBLIGATION. Where a mortgage was given by a husband and wife upon community property as security for the performance of a building contract entered into by the husband and his copartner, the debt was *prima facie* a community debt, and the obligation assumed by the wife is direct and not collateral.

CONTRACTS — EVIDENCE OF DAMAGE — CERTIFICATE OF ARBITRATOR. Where a building contract provided that if the building was completed by the owner, the affidavit of the auditor as to the cost thereof

[1]Reported in 132 Pac. 724.

shall be taken as final between the parties, the affidavit is admissible to prove the amount of the owner's damages.

MORTGAGES—INDEMNITY MORTGAGES—FORECLOSURE—PARTIES—NEC-ESSARY PARTIES. The foreclosure of an indemnity mortgage given by one of two partners, who was liable for the whole debt, will not be defeated for lack of parties after the debt was proven, the mortgage admitted, and no demand made that the partner be brought in as an additional party.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered March 5, 1913, upon findings in favor of the plaintiff, in an action to foreclose a mortgage. Affirmed.

*H. F. Norris* and *T. W. Hammond,* for appellants.

*Fitch, Jacobs & Arntson,* for respondent.

CHADWICK, J.—On May 17, 1910, Roberge, Steele & Roberge entered into a contract for lathing a building, at Vancouver, B. C. For some reason, not now material, one member of the firm retired, and it was agreed that the two remaining members should complete the contract, receiving therefor an additional sum of $1,000, or $11,700 for the work; that in all other respects the contract should stand as before; and that security should be given to respondent for performance of the work for the benefit of Raftery & Company. Thereafter defendants Callie L. Steele and Mary E. Steele executed a mortgage upon certain property in the city of Tacoma. The mortgage was conditioned as follows:

"Whereas, the said Callie L. Steele, William Roberge and Al Roberge have . . . entered into a written agreement as sub-contractors with Raftery & Co., wherein said sub-contractors . . . are to do the lathing . . . according to the plans and specifications annexed. Now, therefore, it is agreed . . . that this instrument shall be . . . security . . . that the said William Roberge and Callie L. Steele will forthwith proceed to the due completion of said contract . . . It is also agreed that this document shall be taken as security mentioned in said agreement of the 21st day of March, 1911, . . . for all moneys that said Raftery & Co.

shall be called upon to pay over and above the sum of $11,700 . . . to discharge any lien, charges, encumbrances or to pay any debts of the said Roberge & Steele in respect thereof."

Roberge and Steele did not perform their contract, and Raftery & Company had to pay $1,081.31 in addition to the contract price to discharge incumbrances and pay debts contracted by Roberge and Steele. The plaintiff, who is trustee for Raftery & Company, began this action to foreclose the mortgage. From a decree in favor of plaintiff, the defendants have appealed.

It is first contended that Mrs. Steele was in no way bound to sign the mortgage which covered the home of the defendants Steele, and which would otherwise have been exempt; that she signed as a surety, and being now released because of certain alleged omissions on the part of the principal subcontractors, the mortgage has become void for the want of an obligation to sustain it. If Mrs. Steele signed the mortgage as a principal and not as a surety, it will be unnecessary to comment upon the evidence and the cases relied on to show a release, although in passing we will say that we have examined both the facts and the law, and are of the opinion that the defense of release cannot, in any event, be sustained.

Roberge and Steele were subcontractors, and engaged to do certain work for a stipulated price. They failed to meet the terms of their contract, and the firm is chargeable with the amount that Raftery paid for them. The primary test in this, as it has been in all of the later decisions of this court, is to ascertain the character of the debt. If the debt is a separate debt of the husband, the community would not be bound. If it is a debt incurred in the prosecution of a business or an enterprise out of which the community would have reaped a benefit, it is a community debt, and the husband and wife are principals in so far as their community property is concerned. Measured by this standard, we have no doubt that the obligation assumed by Mrs. Steele was direct

and not collateral; that she executed the contract as a principal and not as a surety. This court has held in a long line of cases, indeed, as is said in *Floding v. Denholm*, 40 Wash. 463, 82 Pac. 738, that a debt contracted by the husband in the prosecution of the community business renders the community property liable for the debt, is no longer an open question in this state. This principle has been applied to simple contract debts. *Oregon Imp. Co. v. Sagmeister*, 4 Wash. 710, 30 Pac. 1058, 19 L. R. A. 233; *Horton v. Donohoe-Kelly Banking Co.*, 15 Wash. 399, 46 Pac. 409, 47 Pac. 435; *McKee v. Whitworth*, 15 Wash. 536, 46 Pac. 1045; *Philips & Co. v. Langlow*, 55 Wash. 385, 104 Pac. 610. To an accommodation indorser: *Shuey v. Holmes*, 22 Wash. 193, 60 Pac. 402. To one liable for a superadded liability as a subscriber to the stock of a corporation: *Shuey v. Adair*, 24 Wash. 378, 64 Pac. 536. To obligations incurred as a surety for a corporation in which the husband is a stockholder and the stock belonged to the community: *Allen v. Chambers*, 18 Wash. 341, 51 Pac. 478; *Allen v. Chambers*, 22 Wash. 304, 60 Pac. 1128. In an action for fraud and deceit: *McGregor v. Johnson*, 58 Wash. 78, 107 Pac. 1049, 27 L. R. A. (N. S.) 1022. And finally it was held that the community is liable for a tort committed by the husband when engaged in a business conducted for the benefit of the community. *Milne v. Kane*, 64 Wash. 254, 116 Pac. 659, Ann. Cas. 1913 A. 318, 36 L. R. A. (N. S.) 88; *Woste v. Rugge*, 68 Wash. 90, 122 Pac. 988.

Since the decision of this court in *Oregon Imp. Co. v. Sagmeister*, 4 Wash. 710, 30 Pac. 1058, 19 L. R. A. 233, the holding that any business that the husband is engaged in is *prima facie* the business of the community and prosecuted or carried on for its benefit, has not been questioned or denied, and we do not find anything in this record that would overcome this presumption. Nevertheless many cases are cited to sustain the contention that the test of a wife's liability is "whether she received in person or in benefit to her separate

estate the consideration upon which the contract depends";
and that "to the extent the consideration was not received by
her in person or in benefit to her separate estate she is a
surety." It was unnecessary to go beyond the decisions of
this court to sustain this principle.

It has been said in many cases that the separate property
of the wife is not liable for a community debt, nor can a per-
sonal judgment be rendered against her. *Philips & Co. v.
Langlow*, 55 Wash. 385, 104 Pac. 610; *Anderson v. Bur-
goyne*, 60 Wash. 511, 111 Pac. 777; *White v. Ratliff*, 61
Wash. 383, 112 Pac. 502. That question is not before us.
We have here a community debt and a mortgage upon com-
munity property. We assume that it will need no citation of
authority to sustain the proposition that the wife may vol-
untarily pledge community property or her separate prop-
erty to secure such a debt, and that when so pledged a
judgment may be rendered against her foreclosing her right,
title, and interest in the property so pledged.

Finally, it is contended that there is no competent evi-
dence to prove the debt. The defendants Steele agree in the
mortgage that the affidavit of the auditor "shall be taken
as final between the parties hereto." The same contention
was made in the case of *Lazelle v. Empire State Surety Co.*,
58 Wash. 589, 109 Pac. 195. It was there said:

"As to the next assignment, the contract provided that,
in case the owner should be compelled to take charge of the
building and finish the contract, the cost should be audited
and certified by the architects, and such audit and certificate
should be conclusive upon the parties. Such stipulations are
usual in contracts of this character, and the courts recognize
the same binding force of the agreement made by the parties
in this respect as in any other. Having stipulated that such
certificate should be conclusive, it cannot now be said it was
inadmissible or incompetent to prove the damage to the own-
er. *Eldridge v. Fuhr*, 59 Mo. App. 44; *Norcross v. Wyman*,
187 Mass. 25, 72 N. E. 347; *Carlton v. Scoville*, 144 N. Y.
691, 39 N. E. 394."

This is met by the suggestion that the debt, being that of the firm of Roberge & Steele, the evidence must be competent as against both parties. Cases are cited holding that, in an action against a partnership all of the partners must be made parties, and that a partner cannot submit partnership matters to arbitration without special authority so to do. It will be unnecessary to comment upon these cases, for the judgment in this case does not rest upon the affidavit of the auditor alone. He was called and sworn as a witness and testified as to the amount due, and further that Roberge was present when the account was audited. The defendants Steele are liable for the whole debt, and a foreclosure of the security will not be defeated for the lack of parties, after the debt has been proven, the mortgage admitted, and no demand that the partner be brought in as an additional party has been made.

Affirmed.

CROW, C. J., MOUNT, GOSE, and PARKER, JJ., concur.