[No. 11925.  Department Two.  August 10, 1914.]

J. W. DAY et al., Appellants, v. JAMES HENRY et al.,

Respondents.[1]

HUSBAND AND WIFE—COMMUNITY DEBTS—TORTS—ACTS IN OF-
FICIAL CAPACITY.  A judgment rendered against a member of a com-
munity, for a wrongful levy made by him while sheriff, is not a
community debt, and the community property is not liable therefor.

Appeal from a judgment of the superior court for Yakima
county, Preble, J., entered September 20, 1913, dismissing
an action to enjoin an execution sale, upon sustaining a
demurrer to the complaint.  Reversed.

Wende & Taylor, for appellants.

Ryan & Desmond and Englehart & Rigg, for respondents.

MORRIS, J.—Appellants brought this action, seeking to
enjoin the sale of community lands owned by them upon an
execution, issued upon a judgment rendered against appel-
lant J. W. Day for a wrongful levy made by him while sheriff
of Yakima county.  A demurrer was interposed to this com-
plaint, upon the ground that the same did not state facts
sufficient to constitute a cause of action, which demurrer was
sustained and the action dismissed.  It will not be necessary
to recite the allegations of the complaint, since the above
facts are all that are material to the questions submitted by
the appeal.

The trial judge filed a memorandum decision, in which he
expressed the view that Milne v. Kane, 64 Wash. 254, 116
Pac. 659, Ann. Cas. 1913 A. 318, 36 L. R. A. (N. S.) 88,
controls the judgment, and that Brotton v. Langert, 1 Wash.
73, 23 Pac. 688, which would, if applicable, call for a differ-
ent rule, is overruled by the latter case.  We find no con-
flict in these two cases.  Nor is anything said in the latter

[1]Reported in 142 Pac. 439.

case which weakens the authority of *Brotton v. Langert*, when applied to like facts. Brotton was a constable and, as such, had sold on execution personal property in which Langert had a special property as mortgagee. Langert then sued Brotton and obtained a judgment against him for the value of the property. Brotton's wife then commenced an action, seeking to prevent the extension of this judgment over community real estate and to obtain an injunction against the selling of the community property under the Langert judgment. The lower court sustained a demurrer to her complaint and dismissed the action, when she appealed to this court, where it was held that the judgment against Brotton, having been obtained against him upon an official act, was not a community debt, and the community property could not be held for its payment. The rule there announced has been cited approvingly in *Floding v. Denholm*, 40 Wash. 463, 82 Pac. 738, and *McGregor v. Johnson*, 58 Wash. 78, 107 Pac. 1049, 27 L. R. A. (N. S.) 1022.

In the *Milne* case, it was held that a community liability was created when a husband, driving an automobile for hire for the benefit of the community, negligently injured a passenger. It was there contended that the *Brotton* case was authority against the community liability, but we held otherwise, finding a distinction between cases where the wrongdoer was an individual belonging to a community, and where the community itself was the wrongdoer. There is no ground for holding that the *Milne* case overrules the *Brotton* case. The court, in finding a distinction between the two cases, attempted to lay down a line of demarcation which it seems to us is an easy one to follow. If the community as such does a wrong, it must respond, just as under the same circumstances a corporation, a partnership, or any other legal entity composed of more than one person, must respond. If, on the other hand, an individual member of any of these legal entities commits a wrong, there is no liability attached to the entity simply because of his relation to it. The lia-

bility, if at all, must be based upon the act, and flows against the one who does the act, and that one only, excepting in the cases where the doctrine of *respondeat superior* (not applicable here) has worked out a different rule. The court, unfortunately, in the *Milne* case, says the logic of the *Brotton* case was with the appellant in his contention against community liability. This expression is now seized upon as an overruling of the *Brotton* case. Whatever meaning was sought to be conveyed by the use of such language, it is evident it was not intended to be accepted as a departure from the rule announced in the *Brotton* case, and in announcing our adherence to both cases, we find them harmonious.

We shall not discuss why the rule of the *Milne* case should be followed, as that question is not before us. The sheriff who made the wrongful levy which resulted in the judgment against him was neither a community nor the member of a community. The individual who filled the office of sheriff was a member of a community, but that membership was as to his individual, and not his official, relation. The office of sheriff could be filled only by the one elected to that office. The duties of the office could be performed only by the one elected to that office, or his duly appointed deputies. The levy made was not made by the community but by the official. In the *Milne* case, the community was running an automobile for hire for its benefit. The community created and maintained the business and profited by it. In this case—and the same is true of the *Brotton* case—the sheriff's office was not created or maintained by the community. It was an office created by the people for their benefit, and as such they maintained it. The mere fact that the occupant of the office is a married man, and uses the salary of the office to support his family, gives the family no claim on the office. It cannot enforce obligations due the office, nor can obligations against the office be enforced against it. Respondent argues that there is no distinction, in enforcing a liability against a community, between the negligent acts of the husband in

driving an automobile and the wrongful act of a sheriff, who happens to be a married man, in making a levy. The distinction is as clear as any distinction can be. The community drives the automobile; the community does not make the levy. The one is a community tort; the other is an official or separate tort.

It does not seem to us that we need say more. The judgment is reversed.

CROW, C. J., MOUNT, PARKER, and FULLERTON, JJ., concur.