[No. 14584. Department Two. May 7, 1918.]

TACOMA ASSOCIATION OF CREDIT MEN, *Appellant*, v. FRANK LYONS *et al., Respondents.*[1]

HUSBAND AND WIFE — ACTIONS — JUDGMENT — SEPARATE OR COMMUNITY DEBT. In an action against partners conducting a mercantile business in the interest of the community on *prima facie* community debts, in the absence of evidence to overcome the presumption, it is error to enter judgment against a husband "as a separate judgment only."

Appeal by plaintiff from a judgment of the superior court for Grays Harbor county, Abel, J., entered August 14, 1917, in favor of the plaintiff, upon default of the defendants, in an action to foreclose mortgages. Reversed.

*W. W. Keyes,* for appellant.
*John Burton Keener,* for respondents.

PER CURIAM.—The respondents, having given to the appellant their mortgage and notes, defaulted in this

[1]Reported in 172 Pac. 823.

action brought thereon, and the court rendered a deficiency judgment containing the following phrase:

"It is hereby ordered, adjudged and decreed that said plaintiff do have and recover judgment *as a separate judgment only* [our italics] as against the defendants, Frank Lyons, H. P. Kessinger and Guy S. Sheldon in the sum of—"

It is to that portion of the judgment which we have italicized that the appellant objects. The mortgages and notes having been given by the respondents Lyons and Kessinger in the conduct of a mercantile business owned by them as partners, the obligations, therefore, became *prima facie* community obligations, and no evidence having been introduced to overcome this presumption, the appellant was entitled to a judgment free from the phrase "as a separate judgment only." If, as a matter of fact, the judgment is not a community judgment, this question can be raised by the wives of the respondents at the proper time and in appropriate proceedings. *Woste v. Rugge,* 68 Wash. 90, 122 Pac. 988.

Judgment reversed, and remanded with orders to strike therefrom the phrase "as a separate judgment only."