[No. 14750.  Department Two.  September 10, 1918.]

OLIVE COMPANY, *Appellant*, v. S. V. MEEK, *Respondent*,
MAIN STREET GARAGE COMPANY, *Defendant*.[1]

HUSBAND AND WIFE—COMMUNITY PERSONALTY—LIABILITY FOR SEP-
ARATE DEBTS.  Under Rem. Code, § 5917, giving the husband man-
agement and control of the community personal property, with like
power of disposition as of his separate property, the community per-
sonalty cannot be levied upon to satisfy the separate debt of the
husband.

APPEAL—DECISION—STARE DECISIS.  The principle of *stare decisis*
will not be invoked when to do so perpetuates injustice and impairs
statutory rights of property.

Cross-appeals from a judgment of the superior
court for Spokane county, Blake, J., entered December
13, 1917, upon findings in favor of the defendants, dis-
missing proceedings supplemental to execution, tried
to the court.  Affirmed.

*Allen, Winston & Allen*, for appellant.

*John M. Gleeson* and *A. G. Gray*, for respondent and
cross-appellant.

HOLCOMB, J.—Defendant Main Street Garage Com-
pany, on April 27, 1914, made and delivered its note,
due October 1, 1914, which defendant Meek indorsed as
an accommodation prior to the delivery.  Plaintiff al-
leged that it relied upon the indorsement and became
a *bona fide* purchaser of the note in the ordinary course
of business for value.  The note, not being paid, was
duly protested, and an action was brought and a judg-
ment rendered against the defendants on April 24,
1915, in the superior court for Whitman county.  This
judgment was affirmed on appeal.  *Olive Co. v. Meek*,
91 Wash. 169, 157 Pac. 460.  This is a supplemental

[1]Reported in 175 Pac. 33.

proceeding in the superior court for Spokane county by plaintiff against the garage company and defendant Meek. Meek, for a long time previous to his indorsement of the note and at the time of this proceeding, was a married man and not the owner of separate property. Neither Mrs. Meek nor the community was made a party to the action or proceedings. At the hearing, Meek testified that the community composed of himself and wife owned some $8,000 in personalty, being the proceeds acquired from the sale of community real estate and acquired after the personal judgment against defendant Meek. The trial court held that community personalty could not be taken for the separate debt of the husband, and dismissed the supplemental proceedings at plaintiff's costs.

Plaintiff, appealing, assigns that the court erred (1-2) in refusing to make conclusion of law and the order as requested by plaintiff, (3-4) in making its conclusion of law and entering an order dismissing the supplemental proceedings with costs to defendant Meek.

This presents the question whether plaintiff can levy upon or seize personal property belonging to the community composed of defendant Meek and wife, to satisfy a personal judgment rendered against defendant Meek.

Plaintiff contends that the doctrine laid down in *Powell v. Pugh,* 13 Wash. 577, 43 Pac. 879, and cases following it, is *stare decisis,* and that, upon the faith of that rule, it acquired vested rights; and further contends that *Schramm v. Steele,* 97 Wash. 309, 166 Pac. 634, is not applicable to its case for the reason that the judgment there was for a tort, while in its case contractual rights were acquired in a commercial transaction.

That part of Rem. Code, § 5917, relating to community personal property, material here, is:

"The husband shall have the management and control of community personal property, with a like power of disposition as he has of his separate personal property, except he shall not devise by will more than one-half thereof."

This statute involves community property rights, and not the enforcement of individual judgments against the husband for causes without the scope of the husband's agency and management of the community property. The vested property right of the community as an entity composed of husband and wife cannot be impaired merely because the husband is made its manager and the manager has a personal judgment against him. Plaintiff now has, as he always had, the same right to proceed against the husband alone. We cannot preserve the rule in the *Powell* case, *supra,* and invoke the doctrine of *stare decisis,* when to do so would perpetuate injustice and impair statutory community rights. In *Schramm v. Steele, supra,* we quoted with approval from *Paul v. Davis,* 100 Ind. 422, 428, as follows:

"Much as we respect the principle of *stare decisis,* we cannot yield to it when to yield is to overthrow principle and do injustice. Reluctant as we are to depart from former decisions we cannot yield to them, if, in yielding, we perpetuate error and sacrifice principle. We have thought it wisest to overrule outright rather than to evade, as is often done, by an attempt to distinguish where distinction there is none."

If plaintiff acted and relied upon the *Powell* case as claimed, it certainly must be presumed that it also acted and relied on *McGregor v. Johnson,* 58 Wash. 78, 107 Pac. 1049, 27 L. R. A. (N. S.) 1022; *Milne v. Kane,* 64 Wash. 254, 116 Pac. 659, Ann. Cas. 1913A 318, 36

L. R. A. (N. S.) 88; and *Woste v. Rugge,* 68 Wash. 90, 122 Pac. 988; which discredit the principle of the *Powell* case and were decided prior to plaintiff's acquisition of any right in the note and indorsement.

The doctrine of *respondeat superior* cannot be applied to acts of the husband when such acts are without the scope of his authority. *Day v. Henry,* 81 Wash. 61, 142 Pac. 439. To hold otherwise would in effect nullify the community property law. There is no distinction between vested rights in either community real or personal property, except that the husband is made the manager of the community personal property for the community.

Since we have decided to affirm the trial court in dismissing the supplemental proceedings, it becomes unnecessary to consider defendant Meek's appeal, for the affirmance of this order will *ipso facto* dissolve the injunction.

Affirmed.

MAIN, C. J., CHADWICK, MOUNT, and MACKINTOSH, JJ., concur.