[No. 17257. Department One. July 17, 1922.]

E. J. MANCHE et al., Respondents, v. TACOMA CEMETERY, Defendant, JAMES RUSSELL et al., Appellants.[1]

HUSBAND AND WIFE (95)—LIMITATION OF ACTIONS—COMMUNITY DEBT—JUDGMENT AGAINST HUSBAND—ENFORCEMENT—LIMITATIONS—PERSONS TO WHOM AVAILABLE. Where judgment was recovered against the husband alone for a community debt, sounding in tort, an action may be maintained thereon against husband and wife to declare the same a lien upon their community real estate; and the statute of limitations against the original obligation does not apply; since it is but a supplemental proceeding to declare the effect of the judgment.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered January 9, 1922, upon findings in favor of the plaintiffs, in an action to subject property to the lien of a judgment, tried to the court. Affirmed.

*J. W. A. Nichols* and *Maurice Langhorne,* for appellants.

*Benton & Lee* and *Blackburn & Gielens,* for respondents.

TOLMAN, J.—Respondents, in December, 1918, recovered a judgment against the appellant James Rus-

[1]Reported in 207 Pac. 955.

sell, in the superior court for Pierce county, in an action sounding in tort. Thereafter this action was brought. In the complaint, the prior judgment is set up and described, and it is alleged that the prior action was prosecuted to recover for personal injuries inflicted upon respondent Virginia Manche through the negligent operation of an automobile truck owned and operated by the community composed of Russell and wife; that the claim arising therefrom was a community liability; that the judgment rendered is and of right ought to be a community judgment and a lien upon the community real estate of the Russells theretofore and still owned by them, and prayed that such judgment be adjudged to be a community judgment and a first lien upon the real estate therein described.

From a judgment as prayed for, the Russells only have appealed. The defense of the statute of limitations was raised below, and it is urged here that this action not having been brought within three years from the time the original cause of action arose, the community can now interpose that defense as a bar. If this were an original proceeding based upon the negligence of the community which occurred more than three years prior to the filing of the complaint, the point would be well taken, but if it be a supplemental proceeding to determine and declare the scope and effect of the prior judgment, then the result must be otherwise.

While the defense of the statute of limitations was not there raised, still the precise question here to be determined was presented and determined in *Woste v. Rugge,* 68 Wash. 90, 122 Pac. 988, and it was there held: (a) That a judgment rendered upon a community obligation in an action to which the wife is not a party is enforcible against the community property,

though the question of the community character of the obligation will remain open to the wife to be determined in some appropriate proceeding (citing many previous cases here decided), and (b) that this rule applies as well when the liability rests upon negligence or other wrongful act as it does when the liability rests upon contract. It is there said:

"We think there is no sound reason for differentiating between cases involving these different classes of obligations, so far as the making of the wife a defendant is concerned. The only question she is interested in, to wit, that of the community character of the obligation, is equally open to her whether the obligation arises out of contract or negligence. So far as the merits of the claim is concerned, the husband defends, not only for himself, but for the community, even though the wife is not named as defendant. When the husband negligently maintained the trap door in the floor of the store belonging to and operated in the interest of the community as alleged in this complaint, he was acting as agent for the community as completely as when he incurred a community debt by the purchase of goods to replenish the stock in the store. We are not able to see that one was the act of the community any more or less than the other."

This proceeding simply afforded the wife an opportunity to contest the community character of the prior judgment, and that alone, hence the statute of limitations as to the original cause of action is not now available as a defense.

The judgment appealed from is affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.