[No. 19220.    Department One.    July 17, 1925.]

YAKIMA TRUST COMPANY, *Respondent*, v. C. J. ZINTHEO, *Appellant*.[1]

PLEDGES (9)—SALE OR OTHER DISPOSITION OF PROPERTY. A bank, having accepted a draft with bill of lading for a shipment of potatoes, may dispose of the potatoes to prevent waste and collect upon the draft, when the drawee refused to accept the potatoes because they were not up to grade.

HUSBAND AND WIFE (94)—COMMUNITY DEBT—JUDGMENT AGAINST HUSBAND—PRESUMPTIONS. A judgment against a husband upon a draft, given by him and dishonored when presented, is presumptively a judgment against the community, when the contrary is not shown in appropriate proceedings by the community.

GARNISHMENT (32)—LIEN—TRANSFER OF PROPERTY—EFFECT OF ASSIGNMENT. A valid garnishment of funds in a bank takes precedence over a subsequent assignment thereof.

EXEMPTIONS (21)—ESTOPPEL TO CLAIM EXEMPTIONS—ASSIGNMENT OF RIGHT TO FUNDS. A debtor's claim to funds in a bank as exempt from execution, filed December 10, reciting that the funds had been assigned to his attorney November 28, shows that the right of exemption had expired before the claim was filed.

Appeal from a judgment of the superior court for King county, Charles E. Claypool, judge *pro tempore*,

[1]Reported in 237 Pac. 729.

entered December 18, 1924, in an action on a draft, tried to the court. Affirmed.

*John W. Whitham,* for appellant.

*Tanner & Garvin, Rigg & Venables,* and *Nat U. Brown,* for respondent.

Askren, J.—Plaintiff brought an action to recover $328.32, being the amount of a draft given by the defendant and which was dishonored when presented, and for $56.84, being the loss alleged to have been occasioned in the handling and resale of a car load of potatoes given as security for the payment of the draft sued upon.

The evidence established that the draft had not been paid and that it was necessary for plaintiff to sell the potatoes and incur expense in so doing, and that there was a net loss thereon in that amount. The court entered judgment for the amount prayed for, and this appeal followed. The judgment ran also against the Dexter Horton National Bank, which had answered a writ of garnishment to the effect that it was indebted to the appellant.

Upon appeal, five assignments of error are urged for reversal. It is first urged that no notice of dishonor was given to appellant with regard to the draft. There was direct evidence by the collection teller of the respondent bank that he gave appellant actual notice and asked him to take some action in the matter.

It is next contended that the bank, having taken the potatoes and sold them, could not collect upon the draft. We are cited to no authority holding to that effect, and indeed we think that none can be found. The bank, having accepted the draft and the bill of lading, was within its rights, when the drawee refused to accept the potatoes because they were not up to grade, in disposing of them and thereby pre-

venting additional waste and additional damages to appellant.

It is the contention of appellant that the judgment was a separate judgment and could not be collected from the community funds in the bank.

We have previously decided that judgments such as this, while upon their face appearing to be separate judgments, are presumptively judgments against the community. *Woste v. Rugge,* 68 Wash. 90, 122 Pac. 988. If this judgment was not, in fact, a judgment against the community, that fact was necessary to be proven in appropriate proceedings by those representing the community.

The garnishment was issued on September 11, 1924. On November 28, 1924, the funds in the bank were assigned to appellant's attorney, John W. Whitham. It is claimed that this assignment took precedence over the garnishment, but it is well settled law that a valid writ of garnishment acquires rights that cannot be set aside by a later assignment.

It is finally contended that the funds were exempt from execution because the community duly claimed exemption. Claim of exemption filed on December 10, 1924, recites that the funds had been assigned on November 28, 1924, and therefore the right to claim exemption had expired, for the appellants no longer had any claim to the funds in controversy.

The judgment of the trial court is right and it is affirmed.

TOLMAN, C. J., PARKER, BRIDGES, and MAIN, JJ., concur.