H. L. FURUHEIM *et al., Respondents,* v. STEPHEN FLOE *et al., Appellants.*[1]

*Mulvihill & Anderson,* for appellants.

*John C. Richards* and *John B. Fogarty,* for respondents.

MILLARD, C. J.—Plaintiffs, a marital community, brought this action to recover damages from defendant marital community for personal injuries alleged to have been sustained by plaintiff husband as the result of an assault upon plaintiff husband by defendant husband.  Trial of the cause to the court and a jury resulted in a verdict in favor of the plaintiffs.  From the judgment entered on the verdict, the defendants have appealed.

Counsel for appellants insist that, as appellant husband was acting in his separate capacity and not as the agent of the community, the judgment can be sustained only against appellant husband.

The facts are summarized as follows:  Respondents

[1]Reported in 62 P. (2d) 706.

purchased under an executory contract from appellant husband a tract of land which was the separate property of appellant husband. Respondents were unable to meet the stipulated installments and moved off of the property after a residence thereon of approximately four years. That removal was pursuant to an oral agreement between the respondents and appellant husband under which the latter was obligated to pay to the former five hundred dollars for return of the contract and surrender of possession of the land. The five hundred dollars was never paid. The dispute between the two men as to the consideration for the surrender of possession of the property culminated eight months subsequent to respondents' removal from the land in appellant husband's encounter with respondent husband in the office of appellants. As a result of that combat, respondent husband sustained the injuries out of which this action arose.

Both appellants were actively engaged in the real estate and insurance business, and the office in which the husbands staged their fight was maintained by appellant husband and appellant wife for the conduct of appellants' real estate and insurance business. All the money received by appellants was deposited in one bank account in the name of appellant husband.

To state the facts is to declare the law. It is clear that the tortious act of appellant husband was not committed by him in the management of the community property or for the benefit of the marital community. The controversy arose out of a transaction between appellant husband and respondents involving the sale of real estate which was the separate property of appellant husband. The possession of the property was surrendered by the respondents on the promise of appellant husband that he would pay to respondents for such surrender five hundred dollars. Instead of

payment of the consideration, appellant husband assaulted and injured respondent husband when the latter was in the office of appellants. Although appellant husband was the statutory agent of the appellant marital community in the conduct of the real estate and insurance business, his tortious act was not committed within the management of that business, nor for the benefit of the marital community.

"It is now the settled law of this state that, if the tortious act of the husband be committed in the management of community property or for the benefit of the marital community, such community is thereby rendered liable for the act. *DePhillips v. Neslin,* 139 Wash. 51, 245 Pac. 749; *Wimmer v. Nicholson,* 151 Wash. 199, 275 Pac. 699; *Bortle v. Osborne,* 155 Wash. 585, 285 Pac. 425, 67 A. L. R. 1152; *Exeter Co. v. Holland Corp.* (on rehearing), 172 Wash. 323, 341, 354, 20 P. (2d) 1, 23 P. (2d) 864; *O'Malley & Co. v. Lewis,* 176 Wash. 194, 28 P. (2d) 283. See, also, *McGregor v. Johnson,* 58 Wash. 78, 107 Pac. 1049, 27 L. R. A. (N. S.) 1022; *Milne v. Kane,* 64 Wash. 254, 116 Pac. 659, Ann. Cas. 1913A, 318, 36 L. R. A. (N. S.) 88; *Kangley v. Rogers,* 85 Wash. 250, 147 Pac. 898; *Geissler v. Geissler,* 96 Wash. 150, 164 Pac. 746, 166 Pac. 1119; *Hendrickson v. Smith,* 111 Wash. 82, 189 Pac. 550.

"But this rule is not based upon the mere fact of marital relationship. It is founded on the doctrine of *respondeat superior.* Under that doctrine, unless, in a given instance, it can be said that the husband was acting as the agent of the marital community, the community is not liable. *Day v. Henry,* 81 Wash. 61, 142 Pac. 439; *Schramm v. Steele,* 97 Wash. 309, 166 Pac. 634; *Olive Co. v. Meek,* 103 Wash. 467, 175 Pac. 33." *Bergman v. State,* 187 Wash. 622, 60 P. (2d) 699.

See, also, *Newbury v. Remington,* 184 Wash. 665, 52 P. (2d) 312.

The judgment is affirmed as to appellant husband individually. The judgment is reversed and the action dismissed as to the appellant marital community.

ALL CONCUR.