[No. 1244: Decided August 7, 1894.]

LIZZIE M. CURRY AND JOHN M. CURRY, *Appellants*, v. JEROME CATLIN AND J. H. WOOLERY, *Respondents*.

HUSBAND AND WIFE — COMMUNITY DEBTS — LIABILITY OF COMMUNITY AND SEPARATE PROPERTY — ACTION ON JUDGMENT — PLEADING — EVIDENCE.

The finding of the lower court that certain real estate is not the separate property of the wife will not be disturbed when the evidence shows that, although the land had been in part purchased with the separate money of the wife, the understanding between husband and wife that the land was to be hers was not had until after the money had been received and applied by the husband to his own use, and that their testimony on this point was contradicted by their sworn statements in other litigations which they had had.

An action by a judgment creditor in which he alleges the rendition of a judgment against a husband, that it was based upon a

community debt, that the record title of the land sought to be charged was in the wife, but that it was acquired by her after her marriage, and the prayer of the complaint was that the property be declared community property, that the judgment be declared a judgment against the community, and that the property be subjected to the lien of the judgment, is demurrable on the ground that the complaint does not state a cause of action. (HOYT, J., dissents.)

Where a judgment has been rendered against the husband alone for a community debt, the levy of execution thereunder against the separate property of the husband or the community property of husband and wife cannot be enjoined.

*Appeal from Superior Court, King County.*

Action by Lizzie M. Curry and husband to enjoin an execution issued on a judgment obtained by Jerome Catlin against the husband, John M. Curry, rendered upon a note executed by said John M. Curry in his individual capacity to said Catlin. The complaint alleges that the land levied upon is the separate property of Lizzie M. Curry and was her separate property at the time the judgment was rendered, and that said execution is not a lien on said land. Another action, consolidated with the above for trial, was instituted by Jerome Catlin against Lizzie M. Curry and husband to subject certain alleged community lands standing in the name of Lizzie M. Curry to the lien of a judgment rendered against her husband, John M. Curry, upon a community debt. From a judgment in favor of Catlin in both cases the Currys appeal.

*Thompson, Edsen & Humphries,* and *Ronald & Piles,* for appellants.

*Allen & Powell,* and *Relfe & McCutcheon,* for respondents.

The opinion of the court was delivered by

STILES, J.— The record in this case seems to us to disclose very clearly that the claim of the appellant Lizzie M.

Curry, that the land which was sought to be subjected to respondent Catlin's judgment was her separate property, was an afterthought, probably suggested as a means of evading the payment of the judgment mentioned.   John Curry, while he was a single man, in 1886, procured of the Northern Pacific Railroad Company a personal contract for the conveyance of certain lands in King county, in consideration of the payment of $689, $68.90 of which was cash, and the remainder in nine annual installments.   In March, 1887, appellants were married, and at that time Mrs. Curry had about $425 in money.   She allowed her husband to take her money and use part of it, perhaps as much as $150, in the payment of the installments of purchase money due upon the lands mentioned and upon installments due upon a similar contract for other lands taken by him from the Northern Pacific Railroad Company in 1887, after the marriage.   The remainder of her money was probably expended in paying for clearing and other permanent improvements upon the land and in the living expenses of the husband and wife.   Both of the land contracts remained in the hands of the husband and were unassigned by him until April, 1892.   At that time, and within a few days of the final payment of the full purchase price of all the contracts, they were formally assigned by the husband to the wife, and a deed for the land was procured from the railroad company which named the wife as the grantee.   In the meantime some installments of the purchase money had been paid with money borrowed by the husband from the respondent and others, and out of the proceeds of crops grown by the husband upon this land, but the bulk of it was paid by means of a mortgage executed by the husband and wife to an investment company.

As was said before, the assignments of the contracts were made just before the deed was procured from the railroad company, and at a time when respondent was

pressing for the payment of the demand out of which grew the judgment mentioned. The only evidence which went to show any understanding between the husband and wife that the land was to be hers was furnished by their own testimony, and related mainly to conversations had between them after the money had been in part, at least, received by the husband and applied to his own use. Such evidence as there was on this point was vague and unsatisfactory, and was contradicted in material points by the sworn statements of the parties in other litigations which they had had. The court below found against the appellants upon this evidence, and we should not — even were it much stronger in their favor — feel like disturbing that finding.

Catlin brought a suit against both of the appellants, in which he alleged a judgment, that it was based upon a community debt, and that the record title of the land sought to be charged was in the wife, but that it was acquired by her after her marriage, and the prayer of the complaint was that the property be declared community property, that the judgment be declared a judgment against the community, and that the property be subjected to the lien of the judgment. We do not think this complaint stated a cause of action. Where real property is acquired by purchase, by either husband or wife after their marriage, the statute declares that it shall be community property. Where such real estate is conveyed to either husband or wife after their marriage, by deed, the presumption is that it is community property. *Yesler v. Hochstettler*, 4 Wash. 349 (30 Pac. 398). Being community property it is subject to the payment of community debts, and the judgment against the husband is *prima facie* a community debt. *Calhoun v. Leary*, 6 Wash. 17 (32 Pac. 1070). There was no obstacle, therefore, in the way of levying an execution upon and selling this real estate to satisfy the judgment. It was

nowhere alleged in Catlin's complaint that Mrs. Curry was claiming that the land was her separate property or was placing any obstacle in the way of a sale of it, so that there was no occasion for bringing the action. In fact the seventh paragraph of the complaint shows that the sheriff had been directed to levy his execution upon the land in question. In the consideration of this case, therefore, we leave the case of *Catlin v. Curry* out of it. But subsequent to the commencement of Catlin's suit appellants brought a suit alleging that the respondent had levied his execution upon the land, and that the sheriff was about to sell the same, and showing facts tending to establish that the appellant Lizzie M. Curry was the owner of the land as her separate property. The two actions were consolidated, and tried together, and it is upon this second action that we think the judgment in this case should rest, and the costs of the case should be adjusted so that Catlin may be taxed with the costs of his action, and may recover in the action brought against him. This disposition of the case obviates one point made by the appellants, viz., that the judgment was wrong because it found the property community property, whereas the property purchased under the first contract was not community property, but was either the separate property of the husband or separate property of the wife. We have seen that it was not the separate property of the wife. If by reason of the fact that the contract with the railroad company was made before the marriage it was the separate property of the husband, the result would be the same, since it would be liable for the judgment against him.

Judgment affirmed.

DUNBAR, C. J., and ANDERS, J., concur.

HOYT, J. (*concurring*).—I agree with the conclusion of the majority as to the merits of the controversy, but cannot

assent to that part of the opinion in which it is stated that the complaint of Catlin, by which he sought to have an adjudication that his debt was one which could be enforced against community property, did not state a cause of action; for while it is true that the presumption is that it could be so enforced, yet the fact that such presumption is only a *prima facie* one might largely affect the price which would be realized upon a sale of the community property to satisfy the judgment. The plaintiff should have the right to have the status of his judgment conclusively established before the sale of community property thereunder. Such an adjudication is not only in the interest of the plaintiff but of the defendant as well. And it is to the interest of the public that property offered for sale upon execution should bring the highest price. In my opinion the judgment should be in all things affirmed.

SCOTT, J., dissents.