[No. 1263.    Decided January 8, 1895.]

THE STATE OF WASHINGTON, *Respondent v.* BERT TABELL,
*Appellant.*

CRIMINAL LAW—SALMON FISHING—COMPLAINTS.

A complaint under the provisions of the act of February 10, 1893,
regulating and licensing the catching of salmon, which charges de-
fendant with constructing and placing a fish trap within the waters
of the Columbia river, but does not allege that the fish trap was de-
signed for catching salmon, or was suited to that purpose, does not
state facts sufficient to constitute a crime.

*Appeal from Superior Court, Pacific County.*

*John H.* and *A. M. Smith,* for appellant

The opinion of the court was delivered by

SCOTT, J.—The defendant was arrested upon a complaint
made before a justice of the peace, the charging part of
which is as follows:

"Frank Huffman, being by me first duly sworn, on oath,
complains in writing and charges one Bert Tabell, the above
named defendant, with having unlawfully constructed and
placed within the waters of the Columbia river in Pacific
county, State of Washington, one certain fish trap; that
said fish trap was so constructed and placed by said Bert
Tabell between the 12th day of February, 1893, and the 15th
day of May, 1893, without leaving an end passage way of
at least 30 feet and a side passage way of at least 900 feet
between said fish trap so constructed and the fish trap next
in position thereto; that said fish trap so constructed by the
said Bert Tabell and placed within the waters of the Colum-
bia river, Pacific county, State of Washington, was not so
constructed and placed there prior to the 10th day of Feb-
ruary, 1893, nor fished, numbered or operated during the
year 1892."

Upon being brought before the justice, defendant moved
against the complaint upon the ground that it did not state
facts sufficient to charge a crime.    The justice held the com-
plaint sufficient, and the defendant was tried and convicted.

He then appealed the cause to the superior court of Pacific county. On a re-trial there the complaint was again held good, and defendant appealed to this court.

The complaint was presumably intended to be brought under the provisions of an act "To regulate and license the catching of salmon," approved February 10, 1893 (Laws 1893, p. 15); but it nowhere alleges that the fish trap in question was designed for catching salmon or was suited to that purpose. For this reason we think it was fatally defective and it should have been quashed when attention was first called thereto.

Judgment reversed.

DUNBAR, C. J., and STILES and HOYT, JJ., concur.