[No. 6752. Decided September 18, 1907.]

ANNA W. BENEKE, *Personally and as Administratrix etc.,* *Appellant,* v. HENRY J. BENEKE, *as Executor* *etc., et al., Respondents.*[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—COMPROMISE OF DISPUTED CLAIMS—PAYMENT IN PART WITH COMMUNITY FUNDS. Real estate is not shown to be the community property of a man and his second wife, where it appears that on the death of his first wife he claimed it as his separate estate, and pending suit to quiet his title, brought against his children claiming a half interest as community property, he remarried and he and his second wife gave their note for $5,300 in payment of a $1,300 mortgage on the property, and $1,000 to each of four children, for a release of their disputed claims to the property; that such note was paid in part out of the separate funds of the second wife and in part out of the community funds of herself and husband; the remedy of the second wife being a claim against the separate estate of the husband for moneys advanced by the community to procure the release of the disputed claims against his separate estate.

[1]Reported in 91 Pac. 641.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered October 22, 1906, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*W. D. Scott* and *H. M. Stevens*, for appellant.

*Danson & Williams* and *Fred H. Moore*, for respondents.

RUDKIN, J.—In the month of August, 1895, Mary Zander Bencke died, intestate, in Spokane county. At the time of her death she and her husband, Henry Beneke, were possessed of the real property now in controversy, together with other property in Spokane county, all of which was either the separate property of the husband or the community property of the husband and wife. Soon after the death of the wife, a dispute arose between the surviving husband and the four children of the marriage over the distribution of the estate, the surviving husband claiming the whole as his sole and separate property, and the children claiming an undivided one-half interest therein as community property, and as heirs at law of their deceased mother. An action was thereupon commenced by the surviving husband in the superior court of Spokane county against the heirs of the deceased wife to establish title in himself. During the pendency of this action, and on the 19th day of May, 1897, said Henry Beneke and the plaintiff, Anna W. Beneke, intermarried and maintained the relation of husband and wife thereafter until the death of the husband on July 29th, 1905.

Soon after this marriage, Henry Bencke and his children entered into an agreement or stipulation reciting that Henry Beneke claimed all the real estate in process of administration as his sole and separate property; that the children claimed a one-half interest therein as community property; that they deemed it for their best interests to settle their conflicting claims and to have the estate distributed without further delay

or expense; and it was thereupon agreed that the father should pay the sum of $1,000 to each of the four children, and that upon the distribution of the estate, certain described property should be awarded and decreed to each child. A decree of distribution was entered in pursuance of this agreement or stipulation, and the property now in controversy, subject to a mortgage of $1,300, together with certain other property, was awarded to Henry Beneke. Upon the entry of the decree of distribution, Henry Beneke and the plaintiff herein executed their promissory note in the sum of $5,300 to pay each of the four children the sum of $1,000 as agreed, and to take up the $1,300 mortgage already on the property, and the land in controversy was mortgaged to secure the payment of the note. The note was afterwards paid, in part out of the separate funds of the plaintiff, and in part out of the community funds of Henry Beneke and the plaintiff, according to the allegations of the complaint. Henry Beneke died, testate, in Spokane county, on the 29th day of July, 1905, having by will disposed of the property in controversy to certain of his children. This action was thereupon prosecuted in the name of the surviving wife, as administratrix of the community property of herself and her deceased husband, against the executor of the will and the devisees named therein, to recover possession of the property as a part of the community estate. If community property, her right to recover should probably prevail, but if not, it is manifest that her complaint should be dismissed. The court below gave judgment in favor of the defendants, and the plaintiff appeals.

If we concede that the property in dispute was the community property of Henry Beneke and his first wife, we do not understand by what process it was converted into the community property of Beneke and his second wife. In any view of the case, Henry Beneke had an undivided one-half interest in the property as surviving husband, and if it be conceded that he and the appellant purchased the undivided one-half interest belonging to the children, this would not convert the

whole into community property. The utmost that can be said in favor of the appellant is, that the community would have an interest in the property in the proportion that the funds advanced by the community bore to the entire purchase price, under the decision of this court in *Heintz v. Brown*, 46 Wash. 387, 90 Pac. 211. But what would that interest be? The children were paid in part for their interest by the conveyance or distribution of property in which Henry Beneke confessedly had a one-half interest, and in which the appellant had none. Thirteen hundred dollars of the money went to satisfy an existing mortgage, and the remainder went to satisfy the claims of the heirs *in part*. What proportion this sum bore to the entire amount received by the heirs is uncertain and incapable of ascertainment; and when we consider that the money was paid for the release of a disputed claim which was very doubtful at best, the uncertainty is still further increased. If the community advances money to compromise or procure the release of a disputed claim against the separate property of one of the spouses, in the nature of things this cannot convert the whole or any definite portion into community property. If the appellant has any claim, it is in the nature of a claim against the separate estate of Henry Beneke for moneys advanced by the community, such as she is prosecuting in the action instituted after the dismissal of the present action in the court below. In view of the conclusion we have reached on the merits, we express no opinion on the motion to dismiss the appeal.

There is no error in the record, and the judgment is affirmed.

HADLEY, C. J., CROW, FULLERTON, and MOUNT, JJ., concur.