[No. 21125.   Department One.   September 6, 1928.]

D. H. NEWKIRK et al., Respondents, v. L. J. WORKMAN et al., Defendants, CHAS. H. MERRITT, Appellant.[1]

E. S. Snelling and Hayden, Langhorne & Metzger, for appellant.

John C. Hogan and Henry W. Parrott, for respondents.

FULLERTON, C. J.—In Grays Harbor county, at a place called Copalis Crossing, there is a fork in the highway leading to the ocean; the north fork being the road to Pacific Beach and the south fork being the road to Copalis Beach. At about 11:00 o'clock in the forenoon of Sunday, the first day of May, 1927, while it was raining or the weather misty, the defendant Workman drove his Buick coupe, also containing his son and two other young men, from Pacific Beach toward the junction point of the two roads. At about the same time, the defendant Merritt drove his Buick sedan, his wife being in the sedan with him, from Copalis Beach toward the same point.

Just off the north side of the highway, at a place about one hundred or one hundred twenty-five feet east from the junction of the two branches of the road, the

[1] Reported in 270 Pac. 125.

plaintiffs owned a structure in which they lived and in which they operated a general store and an automobile service station. For the purpose of accommodating patrons of the plaintiff's establishment, the space in front of the premises had been surfaced with gravel and this area was distinguishable from the highway proper in that it was slightly lower and the gravel was somewhat loose. Over and across each branch of the road there was a large arch of frame construction, which somewhat obscured the vision between the roads; the one on the Copalis Beach road being perhaps nearer the point of convergence than the other on the Pacific Beach road.

The two automobiles proceeded toward the east in the direction of Hoquiam through the arches on the respective roads on which they were being driven, and onto the part of the highway where the two roads became as one, and collided at a point about seventy-five feet west of the plaintiff's premises, the right rear fender of the defendant Workman's car coming in contact with the left front fender of defendant Merritt's car. Merritt's engine was killed, but the car ran along the road for a short distance, stopping about opposite the plaintiff's place of business, and was but slightly damaged. Workman's car continued ahead, running into one of the 8″ by 8″ wooden posts supporting the shed or roof of the plaintiff's gasoline station, overturned the post, overturned a gasoline pump and a second post and stopped after running into a second gasoline pump. Gasoline escaping from the pumps ignited, setting fire to the premises and totally destroying them, together with their contents.

In an action against the owners of both cars, tried to the court sitting without a jury, the plaintiffs recovered $10,023 damages. The defendant Merritt has appealed.

■ It is the contention of the appellant Merritt that there was no negligence on his part, and that the negligence causing the respondents' damage was that of the defendant Workman. His assignments of error concern chiefly a finding of fact made by the trial court to the effect that the damage was due to the joint and concurring negligence of both defendants, and the refusal of the trial court to make certain findings proposed by him to the effect that it was the defendant Workman's negligence that caused the collision and the resulting damage, and that no act of negligence of the appellant Merritt contributed to it.

The appellant's theory is that the defendant Workman was driving his car at an excessive and dangerous rate of speed; some fifty or sixty miles an hour; that its course lay over the brow of a hill about one hundred and forty feet from the point in the road where the cars collided. That he (appellant) was driving his car at that time at a speed of about eight or ten miles an hour; that he turned to cross to the gasoline station and while his car was traveling the comparatively few feet across the road to the point of collision the defendant Workman's car came from out of sight back of the brow of the hill and traveled to that point. There was evidence to the effect that the skid marks made by Workman's car showed that it was being driven at a dangerously excessive rate of speed; that Workman took it for granted that the appellant was going to continue along the road to Hoquiam, and gave no consideration to the possibility of the appellant making a left turn; that, when Workman saw that the appellant was going to cross the road, he applied his brakes but that the car was going so fast it skidded for a distance of from one hundred to one hundred twenty-five feet in the loose gravel with its brakes set, and that it barely

struck the appellant's car and continued in its course' with its speed practically unchecked.

The appellant testified that he did not see Workman's car at all until his wife, who sat in the seat beside him, called out directing his attention to the oncoming car, and that he swung his car to the right but not in sufficient time to prevent a collision.

The evidence was in dispute as to whether the appellant gave a signal to indicate his purpose to turn across the road. Workman and occupants of his car testified positively that the appellant gave no such signal, and other witnesses stated that the appellant himself had told them he had made no signal. It is true he himself testified that, sometime before making the turn, he put out his hand and took it in; but it is also true, as has been stated, that he said he did not see Workman's car at all at any time until just before the collision.

The substance of the testimony of Workman and the occupants of his automobile was that the two automobiles were approaching the fork of the road at about the same rate of speed—perhaps from twenty to thirty miles an hour; that they were traveling along about opposite each other; that those in the Workman car observed the appellant's car as it came along; that the course of the appellant's car indicated that the appellant intended to proceed along the road to Hoquiam, but that, suddenly and without any warning signal, he turned across the road; that the defendant Workman applied his brakes just as soon as the appellant made the turn, but the appellant's car was "right on top" of him and the collision took place.

The contentions of the appellant have been ably presented here, both in the briefs and in the oral argument, but we are unable to conclude that the trial court

erred either in the findings objected to, or in its refusal to make the findings proposed by the appellant.

In our opinion the evidence shows that both the defendants were negligent; the defendant Workman in that he was traveling at an excessive rate of speed, and the defendant Merritt, in that he did not give sufficient heed to the traffic that might be approaching from the intersecting road before he turned to cross it. The defendants were thus jointly negligent, and they are liable, jointly and severally, for the loss thereby caused the respondents.

The judgment is affirmed.

TOLMAN, MITCHELL, PARKER, and ASKREN, JJ., concur.