[No. 22054. Department Two. February 24, 1930.]

MAUD M. MERRITT et al., Respondents, v. D. H. NEW-KIRK et al., Appellants.[1]

[1]Reported in 285 Pac. 442.

518

*Henry W. Parrott,* for appellants.
*Martin F. Smith,* for respondents.

FULLERTON, J.—On July 22, 1927, the appellants Newkirk, in an action brought in the superior court of Grays Harbor county, recovered a judgment against the respondent Charles N. Merritt (therein impleaded as Charles H. Merritt) in the sum of $10,023. The recovery was had for property of the appellants destroyed by a fire caused by the negligent operation of an automobile driven by the respondent Charles N. Merritt. The cause was appealed to this court by the respondent and was here affirmed. *Newkirk v. Workman,* 149 Wash. 84, 270 Pac. 125.

After the cause was remanded by this court, the appellants caused an execution to issue on the judgment, under which three several tracts of real property were

levied upon and sold as the property of the judgment debtor at a judicial sale held on April 7, 1928. The appellants became the purchasers at the sale, at which time a certificate of sale was issued to them by the officer conducting it.

At the time of the transaction recited out of which the judgment arose, Merritt was a married man living with his wife on one of the tracts of property sold under the writ of execution. All of the property was purchased subsequent to the marriage, and the title thereto taken in the name of the husband. The wife was not made a party to the action in which the judgment was obtained, nor did she appear therein other than to testify at the trial as a witness on behalf of her husband.

The present action was instituted by the husband and wife in February, 1929, to set aside the execution sale and to quiet the title to the property sold as against the apparent lien of the judgment on which the execution was issued. While the pleadings of the parties are somewhat complicated, the issues presented by them are simple. The plaintiffs' contention is that the tract of land on which they reside is the separate property of the wife, and not subject to sale on an execution issued on the judgment, whether the judgment be the separate obligation of the husband, or a community obligation of the husband and wife. As to the other two tracts, the contention is that the tracts are the community property of the husband and wife, and that the judgment is the separate obligation of the husband. The trial court, while it made no formal findings of fact, adopted the contentions of the plaintiffs, holding that the tract upon which the husband and wife resided was the separate property of the wife, and that the other tracts, while community property, were not subject to sale under an execution issued on a

judgment obtained against the husband alone, and entered a judgment and decree accordingly.

■ With reference to the first of the tracts, we are constrained to follow the conclusions of the trial court. The evidence leaves but little doubt that the wife purchased the property with moneys given to her by an aunt shortly prior to the time she, with her husband, came to the state of Washington, and which she had kept intact for the very purpose of purchasing a home. The evidence is equally clear also that the cost of the dwelling house that was originally erected on the tract was paid out of the same fund. The property was purchased and the house erected in the summer of 1904, and the husband and wife have ever since occupied it and now occupy it as a home.

Of the circumstances that are thought to militate against the conclusion that the property is the separate property of the wife, the first is the fact we have hereinbefore noted, namely, that the legal title to the property was taken in the name of the husband and has since remained in his name. But, aside from the fact that it was testified that this was due to an inadvertence of the scrivener who prepared the deed, which the parties never took the trouble to correct, the fact in itself is not of controlling moment in determining which of the spouses is the actual owner of the property.

Under our somewhat perplexing statutes relating to the acquisition of property, title to real property taken in the name of one of the spouses may be the separate property of the spouse taking the title, the separate property of the other spouse, or the community property of both of the spouses, owing to the source from which the fund is derived which is used in paying the purchase price of the property. If the fund is derived from the separate property of one of the spouses, the property purchased is the separate property of that

spouse; if it is derived from the community property of both the spouses, it is the community property of both of them.

The instances in which we have held that property purchased from the separate funds of one of the spouses and title taken in the name of the spouse furnishing the funds is the separate property of that spouse, and the instances in which we have held that property purchased with community funds is the property of the community, notwithstanding the title may have been taken in the name of one of the spouses, are too numerous to admit of citation here. The precise situation here presented is not so common. Indeed, our attention has been called to no case where we have determined in whom the title vests where the purchase price of property has been paid from the separate funds of one of the spouses and the title thereto taken in the name of the other.

The case of *In re Deschamps' Estate,* 77 Wash. 514, 137 Pac. 1009, however, presents the principle involved. In that case the purchase price of the property was paid from the separate funds of the wife and the title was taken in the names of both the husband and the wife. We held the property to be the separate property of the wife, and subject to her disposition by will. The case presented the question involved here, and is controlling unless it is to be overruled. This we have no inclination to do.

The second of the circumstances is that the value of the property has been augmented by improvements put thereon with community funds. The nature of the improvements we need not specifically describe. For the main part, they consisted of necessary repairs to the house and additions thereto which added to its usefulness and comfort as a home, and of street improvements the cost of which was taxed against the

property and paid by the community. But expenditures of this sort upon the separate property of one of the spouses by the community do not ordinarily affect the title to the property. The title to property, whether separate or community, is determined as of the date of its acquisition, and the general rule is that, when community funds are expended in improvements on the separate property of one of the spouses, the title to the improvements follows the title to the land. Unless, therefore, there is a specific agreement to the contrary, or the equities of the case require a different conclusion, the ownership of the property is not changed.

Here, there was nothing of this latter sort; there was no specific agreement, and the equities of the situation favor the wife rather than the community. The wife selected the lot when a purchase was contemplated; the outline plans of the house as originally constructed were her own design, and the subsequent improvements placed thereon were so placed under her direction. The husband is a skilled artisan, and his earnings have always been considerable. It seems, moreover, that the husband followed the practice of dividing his earnings with his wife, and that it was out of the part falling to the wife that the cost of the improvements placed on the property, for a considerable part at least, were paid. Title to community personal property may be transferred by the one spouse to the other without the formality of a written instrument, and in this instance we think that such of the community funds of the husband and wife as have been invested in this property were intended as gifts to the wife.

A third circumstance thought to show that the home tract was the community property of the husband and wife were declarations made by the spouses in which they spoke of the property as belonging to

both of them. There was also a declaration of homestead filed on the property subsequent to the entry of the judgment in which the property was described as community property. But these matters do not require a different conclusion from that reached by the trial court. The first mentioned are but common modes of expression, and have no more than a general bearing where title to property is at issue. The declaration of homestead, while of more moment, was ill-advised and of no effect, and was due evidently to a misunderstanding of the facts on the part of the attorney who prepared and advised it. Whether, under any circumstances, the filing of a homestead declaration could be regarded as an estoppel, it cannot be so considered in this instance. It in no way affected the rights of the judgment creditor, or caused him to act in a way which he otherwise would not have acted. It has, therefore, no other weight than a declaration against interest, and as such it is not sufficient to overcome the positive evidence to the effect that the property is the separate property of the wife.

With reference to the tracts other than the home tract, we think the trial court was in error in holding that they were not subject to sale under an execution issued on the judgment. The judgment, it is true, was founded on a wrongful act of the husband while operating an automobile, and the judgment is against him alone, the wife not having been made a party to the action. But the evidence very conclusively shows that the automobile was kept and used by the husband and wife for their mutual benefit and pleasure, and was being so used at the time the accident occurred which gave rise to the judgment; in fact, the wife was riding with the husband in the automobile on the return from some pleasure excursion at the time of the accident. Under such circumstances, it is the rule in

this state that the community is liable for the wrongful acts of the husband. *McGregor v. Johnson*, 58 Wash. 78, 107 Pac. 1049, 27 L. R. A. (N. S.) 1022; *Milne v. Kane*, 64 Wash. 254, 116 Pac. 659, Ann. Cas. 1913A 318, 36 L. R. A. (N. S.) 88; *Woste v. Rugge*, 68 Wash. 90, 122 Pac. 988.

The respondents, however, call attention to the principle that a judgment against the husband alone is not conclusive against the community—that the wife as a member of the community has the right to her day in court to question whether the judgment is an obligation against the community—and argue therefrom that community property cannot be sold on such a judgment until it is made conclusive by some form of action to which the wife is made a party. But the argument is not tenable. A judgment against a husband, whether upon a contract of the husband or whether for his wrongful or negligent act, is presumptively a community obligation. It is not conclusively so, it is true, as it depends upon the fact whether the contract was made or the wrong committed in the pursuit of the business of the community or in the pursuit of some purpose for the use and benefit of the community, and each of the spouses has the individual right to question the fact.

But the judgment creditor may rely upon the presumption, and need not, before executing on his judgment, institute a proceeding to make the judgment conclusive. Indeed, in some of our earlier cases, notably in *Curry v. Catlin*, 9 Wash. 495, 37 Pac. 678, 39 Pac. 101, we seemed to have questioned the right of the judgment creditor to maintain such a proceeding, although later we recognized the right. *Woste v. Rugge, ubi supra.*

However, the remedies are but alternative remedies. The judgment creditor may, before executing on the

judgment, institute an action to determine the conclusive effect of his judgment, or he may cause an execution to issue on the judgment and cause such property as he deems subject to sale thereunder to be levied upon and sold, leaving it to those who assert adverse claims thereto to take such action as they deem necessary to protect their claimed rights.

Nor does the procedure deny to the wife her day in court. As we say, the sale is presumptively valid, and the wife may act as she has acted in the cause before us; that is, institute an independent proceeding to have her claim of right adjudicated, and in that proceeding have her day in court.

The judgment is reversed and the cause remanded with instructions to modify the judgment of the court below by granting the relief sought as to the property herein referred to as the home property, and denying any relief as to the remainder. Costs will be allowed the appellants in this court.

MITCHELL, C. J., FRENCH, and HOLCOMB, JJ., concur.
MAIN, J., concurs in the result.