[No. 24011. Department One. December 9, 1932.]

THE STATE OF WASHINGTON, *Appellant*, v. FISHING APPLIANCES, *Respondents*.[1]

*The Attorney General* and *E. W. Anderson, Assistant,* for appellant.

*John Wilkinson* and *R. M. Wright, Amici Curiae.*

MILLARD, J.—On April 18, 1932, two men, who were charged in justice court with the offense of fishing during the closed season, in the Columbia river near Stevenson, by means of a motor boat and two set nets, pleaded guilty and were fined. One of the state fisheries inspectors who made the arrest, and at that time seized the motor boat and set nets, subscribed to and filed in the superior court a complaint, supported by a transcript of the proceedings in the justice court, praying for an order of forfeiture of the boat and nets.

The cause was tried to a court commissioner, who entered an order decreeing the forfeiture of the two set nets to the state, and decreeing as follows as to the boat:

[1]Reported in 16 P. (2d) 822.

"It is further ordered that that certain launch No. J 1248 be and the same is ordered in custody of the proper officers until the fine and costs imposed against said defendants shall have been paid, and when so paid, said launch to be returned to the said Fred Johnson.

"It is further ordered that if said fines and costs are not paid within thirty days from date hereof, then and in that event said described launch shall be considered as and is ordered confiscated to the state of Washington."

The state has appealed from that part of the order refusing to forfeit the boat and decreeing that it should be held only as security for the payment of the fine and costs.

Of the counsel who have filed a brief on appeal as *Amici Curiae,* one was the prosecuting attorney who represented the state at the confiscation hearing. It is urged that the state is bound by its own order, entered on its own motion, and that the appeal should, therefore, be dismissed; that

"The petition signed by the state was in the alternative for a forfeiture, or for such other relief as to the court may seem just in the premises. No service was had upon anyone, Mr. Kocher, the Fisheries inspector, and the prosecuting attorney being present at the hearing. On motion of the prosecuting attorney the order set forth on pages four and five of appellant's brief was taken. The state has appealed from its own order made upon its own motion, with no other parties being served in the proceeding."

■ ■ Under the procedure described above, the judgment was void as having been entered without jurisdiction. Not until receipt of the *Amici Curiae* brief was that fact discovered by the *Attorney General,* who, on request of the state director of fisheries and game, represented the state on the appeal. Promptly thereafter, the state interposed a motion for

dismissal, with costs assessed against it, of its appeal, and applied for leave to file a petition in the superior court

". . . to set aside and vacate the judgment entered herein upon the ground that the same was entered without jurisdiction, in that no service of process was had upon any one in connection with the proceeding in said superior court."

A judgment entered without due service of process is void, binds no one, and can be moved against by the prevailing party. *Dane v. Daniel,* 28 Wash. 155, 166, 68 Pac. 446.

"Even though a void judgment is a nullity and may safely be ignored by those whose rights are attempted to be affected thereby,. it is well settled that a court will not permit a void judgment to encumber the record but will remove the ineffectual entry of such judgment from the record of its proceedings on proper application." 15 R. C. L. 690, § 142.

Appellant's motion to dismiss its appeal should be granted, as should its application for leave to file the petition in the superior court. It is so ordered.

TOLMAN, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.