[No. 28947.  Department One.  June 11, 1943.]

John Strand, *Appellant*, v. Martin Pekola *et al.*,
*Respondents.*[1]

*O. M. Nelson*, for appellant.

*Jozef Zelasko*, for respondents.

Mallery, J.—In this case the appellant, plaintiff below, obtained a separate judgment against Martin Pekola.  An execution was issued against the property of the defendant, a levy was made upon certain described property, and a sheriff's sale notice was posted in the manner provided by law.  Before the date of sale, Regina Pekola, wife of Martin Pekola, filed a petition to restrain the sale on the grounds

"  .  .  .  that the lands are the community property owned and operated by this defendant (Regina Pekola) and her husband, Martin Pekola, as their

[1] Reported in 138 P. (2d) 204.

home for approximately twenty years, and said defendants have made a declaration of homestead on said property; that the judgment obtained by the plaintiff herein was against the defendant, Martin Pekola, only."

The court entered a judgment restraining the sale of the described lands.

The respondent Martin Pekola purchased the lands involved in this case in 1917, and paid therefor the sum of eight hundred dollars. The land had no improvements on it at that time. Respondents were married in Chicago in 1920 and came back to this land about Christmas time and built a two-room shack thereon. Mr. Pekola had no money to build a home or make any improvements, but Mrs. Pekola had five hundred dollars which she earned previous to her marriage to Mr. Pekola, and this money was used to buy lumber for the two-room shack, garden tools, livestock, feed, and food for themselves.

Mr. and Mrs. Pekola executed a mortgage on the lands in the sum of five hundred dollars, which was used in building some improvements, and this was paid off after they were married. In 1929, another mortgage was executed in the sum of seven hundred dollars, and this money was also used in further construction of buildings. They built a new house, the old one becoming too small for their use, a barn, chicken house, garage, tool house, root house, shed for young cattle, brooder house, feed house, pump house, two wells, and fences.

We quote respondents' contention:

"We recognize the rule adopted in the case of Re Binge's Estate, 5 Wash. (2d) 446, that the status of property whether real or personal becomes fixed as of the date of its purchase or acquisition and retains its character until changed by agreement of the parties or operation of law: however, our court has held in a number of occasions that where property acquired by

one spouse before marriage becomes commingled with the joint efforts of both parties, the property loses its identity and becomes community property, especially where the original separate property is of small value and through the skill, labor, and joint efforts of both parties, the property increases in value to a considerable extent."

■ We think that the question of the property having lost its identity does not enter into the instant case, and that the rule of *In re Binge's Estate,* 5 Wn. (2d) 446, 105 P. (2d) 689, applies. This is not to say, however, that an equitable lien on behalf of the community and Mrs. Pekola may or may not be asserted. See *Conley v. Moe,* 7 Wn. (2d) 355, 110 P. (2d) 172.

■ As to the declaration of homestead filed by the respondents, it appears that the land attempted to be sold is described as follows:

"That part of the Southeast Quarter (SE¼) of the Northwest Quarter (NW¼) of Section 12, Township 19 North, Range 9 West of the County Road running through said section in said county."

The declaration of the homestead was filed upon lands described as follows:

"Southwest Quarter (SW¼) of Northwest Quarter (NW¼) of Section 12, Township 19, North Range 9 West Willamette Meridian, also 25 acres, lying East of the Wishkah River, and situate in the Southeast Quarter (SE¼) of Northeast Quarter (NE¼) of Section 11, Township 19, North, Range 9, W.W.M."

This description in the homestead declaration was erroneous if it was intended to apply to the land levied upon, in which case it should have read the southeast quarter (SE¼) instead of southwest quarter (SW¼).

In the absence of an action to reform the instrument, the homestead declaration can avail the respondents nothing.

The judgment restraining the sale of the property involved herein is reversed, and the trial court is di-

rected to enter a judgment denying the petition of Regina Pekola for a restraining order.

SIMPSON, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.

---

July 16, 1943. Petition for rehearing denied.