[No. 29872. Department Two. April 25, 1946.]

MARTIN PEKOLA *et al., Appellants,* v. JOHN STRAND, *Respondent.*[1]

[1]Reported in 168 P. (2d) 407.

*T. H. McKay* and *W. J. Murphy,* for appellants.

*O. M. Nelson,* for respondent.

BLAKE, J.—This is an appeal by plaintiffs from a judgment dismissing an action to quiet title to certain real property. The action is the culmination of litigation between the parties which had its inception in 1939, when Strand, in a tort action against Martin and Regina Pekola, obtained a separate judgment against Martin Pekola.

Although the judgment did not run against Regina Pekola nor the community, Strand served notice of its entry upon her as well as upon Pekola. Within thirty days, Pekola and his wife filed a declaration of homestead upon the southwest quarter of the northwest quarter of section 12, township 19 north, range 9 West Willamette Meridian, and contiguous land lying in the southeast quarter of the northeast quarter of section 11. They failed to include a four and one-quarter acre tract upon which their home and garage were located, lying in the southeast quarter of the northwest quarter of section 12. Pekola had acquired title to all the real estate described prior to his marriage with Regina. The improvements were all made subsequent to their marriage.

Strand levied execution on the four and one-quarter acre tract not included in the homestead declaration. The Pekolas brought an action to restrain sale under the execution and obtained an injunction on the theory that the tract was community property. Upon appeal by Strand, this court reversed the judgment, holding the tract to be the separate property of Pekola and, not being covered by the homestead declaration, was subject to sale under execution issued on the judgment. *Strand v. Pekola,* 18 Wn. (2d) 164, 138 P. (2d) 204.

Pursuant to execution issued April 28, 1945, the sheriff sold the four and one-quarter acre tract. In the meantime, Regina Pekola had filed a declaration of homestead, which included the four and one-quarter acre tract; and she and Pekola had filed an *amended* declaration in which it was also included.

After the property was sold under execution, they brought this action to quiet title to it.

Claim for relief is presented on two theories: (1) that the tract was not subject to execution because (a) of the amended declaration of homestead and (b) because of the separate declaration of homestead filed by Regina Pekola; and (2) that the community is entitled to an equitable lien upon the tract.

■ *First.* (a) Appellants take the position that, inasmuch as the four and one-quarter acre tract was omitted from the original homestead declaration by mistake, they had the right to amend it so as to include the tract; and that the amended declaration is effective from the filing date of the original.

This position is untenable. Rem. Rev. Stat., § 528 [P. P. C. § 50-21], provides that

". . . unless such homestead is selected before or within thirty days after a notice in writing of the entry of a judgment, served in the manner provided by law for the service of summons in civil actions, it [the homestead] shall not be exempt from sale." [This section was amended in 1945. Rem. Supp. 1945, § 528.]

Of course, a homestead declaration may be amended any time within thirty days after notice of entry of judgment. But to say that it may be amended after the expiration of thirty days would distort the plain language of the statute. Construing the statute in *United States F. & G. Co. v. Alloway,* 173 Wash. 404, 23 P. (2d) 408, we said:

"It [a homestead declaration] is neither a conveyance nor a contract. There is no transfer of, or change in, title, nor any agreement of transfer or change. It is merely an act of the owner whereby he avails himself of, and secures, a right or privilege given him by the statute. The privilege thus sought and obtained is wholly a creature of, and its validity depends upon, a compliance with the statute that permits the homestead to come into existence. . . . While innocent oversight or mistake in situations such as is here presented may sometimes lead to harsh results, we cannot read out of the statute one of its plain, mandatory provisions."

■ Furthermore, in *Strand v. Pekola, supra,* it was established that the property in question was the separate property of Martin Pekola, and that it was subject to levy and sale upon the judgment Strand held against him. That holding is *res judicata* of the issue presented here.

■ (b) We must admit that we are unable to grasp the appellants' position with respect to Regina Pekola's declaration of homestead. It is a claim of homestead in what has been adjudicated to be the separate property of her husband and was filed more than thirty days after the notice of judgment against him was served upon her. If it be conceded that she could make a valid declaration of homestead on the separate property of her husband, the declaration was not timely; and, again, the decision in *Strand v. Pekola, supra,* is *res judicata.*

■ *Second.* Conceding, for the purpose of this decision only, that an equitable lien may be invoked on behalf of the community against separate property of a spouse that will take precedence over an existing judgment lien, the evidence is insufficient to determine in what amount such a lien should be allowed.

Concerning their right to an equitable lien and the amount

in which they assert it should be allowed, appellants state in their brief:

"That the community has an equitable lien on this 4½ [4¼] acre tract for *all* the improvements, cultivation and clearing made, taxes paid, and for the increased value of such improvements is not longer in dispute. . . .

"If the court should decide that appellants are not entitled to the relief suggested in subdivision First and Second above [that is, was not subject to execution because of the amended homestead declaration and the declaration of Regina Pekola], then the court should decree the community has an equitable lien against the 4½ [4¼] acre tract to the extent of the *full value thereof at the present time less the value of the separate estate of Mr. Pekola* in the same which the evidence shows is approximately $45.00." (Italics ours.)

The evidence upon which this position is based is, in substance, that the tract, when acquired by Pekola, was cutover land and worth about ten dollars an acre; that, with the improvements made by appellants, the tract is now worth fifteen hundred dollars.

 We think the criterion which appellants ask us to adopt in determining the amount of the equitable lien claimed is unsound in principle and unsupported by any of our decisions. If adopted, it would give the community a lien for the unearned increment inherent in the present value.

Implicit in our decisions is the rule that an equitable lien may be claimed by the community for improvements upon the separate property of a spouse to the extent only that *community funds are invested.* *Beneke v. Beneke,* 47 Wash. 178, 91 Pac. 641; *In re Deschamps' Estate,* 77 Wash. 514, 137 Pac. 1009; *Glaze v. Pullman State Bank,* 91 Wash. 187, 157 Pac. 488; *Merritt v. Newkirk,* 155 Wash. 517, 285 Pac. 442; *In re Woodburn's Estate,* 190 Wash. 141, 66 P. (2d) 1138; *Federal Land Bank of Spokane v. Schidleman,* 193 Wash. 435, 75 P. (2d) 1010; *In re Binge's Estate,* 5 Wn. (2d) 446, 105 P. (2d) 689.

Judgment affirmed.

SIMPSON, BEALS, ROBINSON, and JEFFERS, JJ., concur.