[No. 3098-9-III.   Division Three.   March 27, 1980.]

CHARLES WILLIAM McCoy, *Individually and as Executor, Appellant,* v. VERLA MAE WARE, ET AL, *Respondents.*

*Clinton J. Henderson,* for appellant.

*Scott C. Broyles,* for respondents.

GREEN, C.J.—Plaintiff Charles McCoy appeals a judgment denying his request for the imposition of a lien on the separate property of his deceased spouse, Mildred, in an amount equal to the increased value of the property from the time of their marriage until her death. We remand for further proceedings.

The pertinent facts are undisputed and may be summarized as follows:

Charles and Mildred were married in March of 1957. During their marriage, they lived in, maintained, improved, and paid off a mortgage on a home owned by Mildred. Sometime after the mortgage was retired, Mildred, without Charles' knowledge, conveyed the house to her daughter by a prior marriage. Charles did not learn of the conveyance until after Mildred's death in January of 1978.

Charles brought this action to recover possession of the home based on a theory of adverse possession or in the alternative to be reimbursed for the home's increase in value experienced from the time of his marriage until Mildred's death (*i.e.,* approximately $27,000 increase in value). The trial court found against Charles on adverse possession but partially in his favor on his alternate theory to the extent that community funds were used to retire the mortgage (*i.e.,* $4,916.99), but not for any community

improvements to the home. The court denied Charles' request for a lien in an amount equal to the increase in value because there was a lack of evidence to show that the increase was due to community improvements as opposed to inflation since the date of the marriage.

The dispositive issue is: Who has the burden of establishing the cause for the home's increase in value?

■ The rule set forth in *In re Marriage of Harshman,* 18 Wn. App. 116, 567 P.2d 667 (1977), provides the answer. Where the separate property in question is real estate on which personal services or funds of the community have been used to effectuate improvements, the resulting increase in value of the real estate is presumed to be community property to the extent that the community has a lien against the property to secure reimbursement for the increased value. This presumption, however, may be overcome by clear and satisfactory evidence that the increase is due to a cause other than community personal services or funds; *i.e.,* the natural course of inflation irrespective of the investment of community personal services or funds. *In re Marriage of Harshman, supra* at 125–26.

In the instant case, the increase in value of the home is presumptively community property. If Mildred's daughter is unable to show that the increase is due to a cause other than community services or funds, the community of Charles and Mildred is entitled to reimbursement and a lien for the increased value. If the daughter is able to sustain the burden, then the community's right to reimbursement rests on the rule set forth in *Pekola v. Strand,* 25 Wn.2d 98, 102, 168 P.2d 407 (1946); *i.e.,* the right of reimbursement is limited to the extent Charles can prove the amount of (a) community services or funds invested for the improvements with appropriate interest from the dates of the improvements, and (b) community funds used to retire the mortgage plus appropriate interest.

Therefore, this case is remanded to the Superior Court

for further proceedings in accordance with this opinion.

MUNSON, J., concurs.

ROE, J. (specially concurring)—Presently it is a rule that payments made from community funds for the reduction of a mortgage on a spouse's separate real estate give the community a lien for the dollar amount of the payment. *In re Estate of Smith,* 73 Wn.2d 629, 440 P.2d 179 (1968); *Hamlin v. Merlino,* 44 Wn.2d 851, 272 P.2d 125 (1954).

Although that law of previous Washington cases would be appropriate in a relatively stable economy, yet the time has come when we should take judicial notice of the persistent and unremitting inflation which may well become worse. It is doubtful that the statute, RCW 26.16.010 *et seq.,* which in fact provides that the rents, issues or profits of separate property will remain separate, contemplated the economic factor of inflation.

Unlike a mortgage or a lien where, under then–existing economic conditions, a fixed time is set for payment, a judgment in favor of the community for the amount of money advanced many years previously would not be a realistic return in real value of the purchasing power for the money invested. Inflation is now at 19 to 20 percent. A sum of money invested at compound interest at that rate would double in less than 4 years.

Where separate property is improved with community funds or services, I would hold that the community should share in the present value of that property, which is due to inflation or deflation, proportionately to money or services contributed.