IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | |
|---|---|
| In the Matter of the Receivership Proceeding of<br><br>WASHINGTON MOTORSPORTS LIMITED PARTNERSHIP, a/k/a Washington Motorsports, Ltd., by and through Barry W. Davidson, in his capacity as Receiver and as Acting Managing General Partner,<br><br>Respondent,<br><br>v.<br><br>SUSAN ROSS, Personal Representative for the Estate of Deonne Moe,<br><br>Appellant. | No. 33861-4-III<br><br>UNPUBLISHED OPINION |

KORSMO, J. — Deonne Moe[1] appeals from the denial of her motion to vacate a

judgment for contempt sanctions entered in 2012 against her late husband, Orville Moe,

and their marital community. We reject this latest effort to collaterally attack the

judgment and we impose sanctions against Mrs. Moe for a frivolous appeal, although we

decline to sanction her counsel on this occasion. The trial court is affirmed.

---

[1] Mrs. Moe died during the pendency of this appeal; her estate was substituted as the appellant. For convenience we refer to appellant as Moe or as Mrs. Moe.

No. 33861-4-III
*Wash. Motorsports Ltd. P'ship* v. *Susan Ross, Pers. Rep. for Deonne Moe*

## BACKGROUND

This is the latest appeal over a contempt ruling to reach a panel of this court, and that ruling is merely a sideshow in the extensive litigation surrounding the failure of Spokane Raceway Park (SRP) and the resulting receivership. *See Wash. Motorsports Ltd. P'ship v. Spokane Raceway Park*, noted at 156 Wn. App. 1035 (2010) (*Motorsports* I), and *Wash. Motorsports Ltd. P'ship v. Spokane Raceway Park*, 168 Wn. App. 710, 282 P.3d 1107 (2012) (*Motorsports* II).[2] The Moes, at onetime the principal owners of SRP, did not cooperate with the receivership, which has, operating under the Washington Motor Sports Limited Partnership title (Partnership), been the primary litigant against the Moe family. Mr. Moe had managed and operated SRP and was believed to be in possession of numerous records relating to SRP.

The relevant facts, known to the parties, can be briefly stated here; a more detailed accounting of an earlier sanction can be found in *Motorsports* I, while a less detailed version involving this sanction can be found in *Motorsports* II. After a series of sanction orders had been imposed against Mr. Moe, the Partnership obtained arrest warrants for both Mr. and Mrs. Moe upon their respective failures to sit for supplemental proceeding depositions. The trial court granted a motion for remedial sanctions that subjected each

---

[2] We realize that the designations as "I" and "II" are somewhat arbitrary in light of the numerous other appeals to this court over just a contempt sanction issue, but those were the only cases to reach a panel of judges for consideration on the merits and will be numbered in this manner for convenience.

2

of them to a $2,000 daily sanction for failing to attend the depositions and also noted that they would be "jointly and severally" liable for any sanction. Clerk's Papers (CP) at 10. Mrs. Moe promptly complied with the sanction order and it was quashed as to her. Mr. Moe did not comply.

At the end of a year, the Partnership moved to reduce the then-accrued daily sanction to judgment. The proposed judgment against both Mr. and Mrs. Moe[3] was noted for presentation, with a copy served on counsel for Mr. and Mrs. Moe, and an additional copy mailed to the couple at their residence. CP at 351-354. Findings supporting the document noted that the actions of Mr. Moe in refusing to submit to the court order were for the benefit of the marital community. CP at 359. The court subsequently entered judgment against the marital community in the sum of $751,640 on June 21, 2011. CP at 22-28.

Mr. Moe continued to be recalcitrant. An additional judgment for $704,000 was entered against Mr. and Mrs. Moe in August, 2012 for continued violation of the previous order as well as for violation of an additional contempt order. CP at 446-450. Mr. Moe in late 2012 then brought a pro se motion to vacate the judgments, raising several theories including a contention that it was void.[4] When the trial court rejected the motion, the

---

[3] The document was entitled: "Final Judgment against Orville Moe and Deonne Moe for Sanctions." CP at 351. The subsequent judgment bore the same title. CP at 22.

[4] The Moe children, represented by attorney Richard Wall who represents appellant in this action, attempted to intervene in the trial court, asserting an interest in the action due to the fact that the Partnership had sued them in an effort to set aside an allegedly fraudulent transfer. The trial court denied intervention.

Moes in early 2013 appealed pro se to this court via a notice of appeal signed by both of them. A commissioner found the appeal frivolous.

Undeterred, Mrs. Moe,[5] through attorney Richard Wall, filed another motion to vacate the judgment in August, 2015 alleging that the judgment was void as to the community due to lack of notice. The trial court rejected the argument. Mrs. Moe then appealed to this court. A panel heard the case without argument.

## ANALYSIS

Mrs. Moe argues here that the judgment was void as to the community because she was not given notice that the community's assets would be at risk for Mr. Moe's contemptuous behavior. That argument falls flat on the facts of this case.

*Motion to Vacate*

CR 60 allows a party to challenge a judgment for a number of reasons, including when the judgment is void. CR 60(b). A judgment can be void for a number of interrelated reasons, including having been entered (1) without jurisdiction, (2) as a result of improper service, or (3) with inadequate notice in violation of due process. *In re Marriage of Ortiz*, 108 Wn.2d 643, 649, 740 P.2d 843 (1987); *Sheldon v. Sheldon*, 47 Wn.2d 699, 702, 289 P.2d 335 (1955); *State v. Fishing Appliances*, 170 Wash. 426, 428, 16 P.2d 822 (1932). Although most challenges under CR 60 must be brought within one

---

[5] Mr. Moe had died in the interim.

4

year, a challenge to an allegedly void judgment need only be brought within a reasonable time.[6] CR 60(b). This court normally reviews a decision under CR 60 for abuse of discretion, but a trial court *must* grant the motion where the judgment is void. *Dobbins v. Mendoza*, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997). Thus, this court reviews de novo whether a trial court erred by failing to grant a motion to vacate a void judgment. *Id.*

Mrs. Moe contends that a due process violation, allegedly voiding the judgment, occurred because she did not know that her marital community's property was at risk for her husband's contumacious actions. This argument is without merit and is frivolous. The facts speak for themselves. The underlying superior court action involved the SRP receivership, with the Moe community claiming ownership of SRP. At issue here were records of that community asset, with both Mr. and Mrs. Moe being accused of withholding information and refusing to attend depositions. The sanction motion sought to hold both of them jointly and severally liable and proposed a daily fine as long as both or either of them refused to provide information. Throughout the many years of this litigation, Mr. Moe had taken the lead for the community in his role as manager and operator of SRP. The proposed order reducing to judgment the sanction imposed for Mr. Moe's continued disobedience of the court order expressly named both Mr. Moe and Mrs. Moe as parties to the debt, and the proposed findings expressly stated the debt was a

---

[6] Whether the current challenge was brought within a reasonable time is an issue we need not decide.

5

community debt.[7] Counsel for the Moes took part in the presentation and objected to entry of the order. The order entered by the court was the same in all relevant particulars as the proposed order. It is inconceivable that Mrs. Moe would claim she did not understand that the order sought to hold the community responsible for the debt. More critically, however, Mrs. Moe was a party to the motion and given notice of that fact. She had her opportunity to argue that this was a separate debt of her husband's at that hearing. She did not.

There is still more. Despite knowledge of the judgment, Mrs. Moe did not challenge it until additional judgments had been entered and an effort was made to invalidate them. When that challenge was denied, she then personally appealed from the denial of the motion to vacate the judgments. While raising a void judgment claim, she did not raise the community property argument.[8] Moreover, Mrs. Moe never filed an affidavit claiming she lacked notice of the community nature of the obligation prior to entry. In short, the due process claim presented in the current action is utterly without factual basis.

---

[7] Given that the debt of one spouse is presumptively a community debt unless established otherwise, Mrs. Moe certainly had incentive to raise the issue when the Partnership sought to impose the judgment on the community. *See Merritt v. Newkirk*, 155 Wn.2d 517, 524-525, 285 P. 442 (1930).

[8] The Partnership strenuously argues that the law of the case doctrine precluded a second appeal raising this related argument. We again decline to reach that argument and nothing herein should be seen as an endorsement or rejection of the argument.

The trial court did not err in denying the motion to vacate the judgment as void. All facts in evidence establish that Mrs. Moe knew about the pending judgment. There was no competing evidence.

*Frivolous Appeal*

Respondents ask that both Mrs. Moe and her attorney pay the Partnership's attorney fees in this action for bringing a frivolous appeal. We grant that request—in part.

RAP 18.1 and 18.9(a) provide that this court may award attorney fees on appeal where authorized by law, court rule, or where the appeal is frivolous. *Harrington v. Pailthorp*, 67 Wn. App. 901, 913, 841 P.2d 1258 (1992). An appeal is frivolous if it presents no debatable issues upon which reasonable minds could differ and it is so devoid of merit that no reasonable possibility of reversal exists. *Id.* Further, all doubts as to whether an appeal is frivolous are resolved in favor of the appellant. *Lutz Tile, Inc. v. Krech*, 136 Wn. App. 899, 906, 151 P.3d 219 (2007). "An appeal that is affirmed merely because the arguments are rejected is not frivolous." *Halvorsen v. Ferguson*, 46 Wn. App. 708, 723, 735 P.2d 675 (1986).

Here, we have no hesitancy concluding that Mrs. Moe's appeal was frivolous. Not only was there no evidentiary basis for the claim, but its essence was a claim that notice was not provided even though the judgment documents on their face establish the contrary proposition. Given the history of litigating collateral matters throughout this case, it appears that Mrs. Moe was simply following the family game plan of litigating

7

whatever it could, particularly when this issue had been available to her in the previous challenge. Reasonable minds could not differ. The current appeal was devoid of merit and is properly deemed frivolous.

It is a closer call with respect to the attorney. Many of the factors that weighed against Mrs. Moe certainly weigh against her attorney, including the lack of an evidentiary basis for the motion. However, we are reluctant to sanction an attorney where the record is not developed sufficiently to establish what counsel knew when the motion was filed and/or when the appeal was taken.[9] Trial court findings are particularly helpful in this regard, although we realize that they are not available in all situations.

The Partnership further argues that sanctioning counsel is important because it is unlikely to be able to collect a sanction from Mrs. Moe given the other outstanding judgments. This argument for collective guilt is not persuasive since the focus here should be on any argument that might have supported finding the attorney personally culpable rather than making the attorney responsible for his client's actions. Nonetheless, sanctioning Mrs. Moe, even if the judgment is ultimately not collectable, should at least advise the estate and the Moe children, along with any attorney they employ, that additional frivolous litigation might subject them to personal liability if they should continue the former litigation strategies.

---

[9] *Compare Motorsports* II, 168 Wn. App. at 710 *et seq.*

Accordingly, we award respondent its reasonable attorney fees for defense of this appeal. We authorize the trial court to award those fees in the event the Partnership still desires to pursue the issue against the estate of Mrs. Moe. RAP 18.1(i).

The judgment is affirmed and respondent is entitled to its reasonable attorney fees in this court upon timely proof to the trial court.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, C.J.

Lawrence-Berrey, J.