IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| EGP INVESTMENTS, LLC, a Washington limited liability company, | ) ) ) | No. 35734-1-III |
| Respondent, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| MARVIN R. FREAR JR, individually, and the marital community comprised of MARVIN R. FREAR JR and JANE DOE FREAR, husband and wife, | ) ) ) ) ) | |
| Appellants. | ) ) | |

KORSMO, J. — Marvin and Laurie Frear appeal from a trial court ruling denying their request to vacate a 2011 default judgment against them. Concluding that the trial court did not err, we affirm.

FACTS

EGP Investments obtained a judgment in the Spokane County District Court against the Frears for unpaid credit card debt in 2011. The process server, Stanley Rhodes, filed a return of service indicating that he had served the summons and complaint on May 29, 2011, by leaving a copy with "Dave Nolan, roommate, a person of reasonable age and discretion, then resident therein." Clerk's Papers (CP) at 79. The

affidavit further identified Nolan as a white male, 30 years of age, standing 5'9" and weighing 150 pounds.  CP at 79.

The Frears did not appear and a judgment was entered against them.  EGP mailed garnishment documents to the home a year later.  Laurie Frear signed for them.  CP at 44, 49-51.  Believing that they referred to another legal matter they had pending, the Frears did not respond to the garnishment.

The clerk of the superior court advised the Frears about the judgment in September 2016, and they contacted EGP on September 23, 2016.  Represented by counsel, they moved to vacate the judgment on October 10, 2017.  They filed affidavits confirming that they lived at the house where service was allegedly made, that Nolan had never lived there, and that they had never received any papers from Nolan.  Nolan filed an affidavit stating that he never lived with the Frears and had lived elsewhere at the time of service.  He visited the Frears regularly, but denied ever being served with papers when visiting them.  He also provided a copy of his driver's license to confirm that his height was 6'4" and could not have been the person served by Rhodes.

Rhodes filed his own affidavit confirming that he had served a man claiming to be Nolan, a resident of the home, on May 29, 2011.  Observing that residence in the summer of 2017, he believed that Mr. Frear fit the description of the man he had served six years earlier.  He believed Frear was the one he had served.

2

The trial court heard argument on the motion to vacate and denied the request. The court noted that the Frears had waited a long time and should have known about the judgment sooner than they claimed to know. The court determined that Rhodes did serve someone at the house, but declined the request by the Frears to name who that person was since "I don't need to go there."

The court awarded EGP its costs in accordance with a contractual provision. The Frears then timely appealed to this court. A panel considered the case without hearing argument.

## ANALYSIS

This appeal presents contentions that the court erred in rejecting the motion to vacate and in awarding costs. Both parties seek costs in this court. We address the three issues in the order listed.

*Motion to Vacate*

The Frears argue that the original affidavit of service was shown to be erroneous, requiring the judgment to be set aside. However, they did not prove that argument.

CR 60 allows a party to challenge a judgment for a number of reasons, including when the judgment is void. CR 60(b). A judgment can be void for a number of interrelated reasons, including having been entered (1) without jurisdiction, (2) as a result of improper service, or (3) with inadequate notice in violation of due process. *In re Marriage of Ortiz*, 108 Wn.2d 643, 649, 740 P.2d 843 (1987); *Sheldon v. Sheldon*, 47

Wn.2d 699, 702, 289 P.2d 335 (1955); *State v. Fishing Appliances*, 170 Wash. 426, 428, 16 P.2d 822 (1932). Although most challenges under CR 60 must be brought within one year, a challenge to an allegedly void judgment need only be brought within a reasonable time. CR 60(b).[1]

This court normally reviews a decision under CR 60 for abuse of discretion, but a trial court *must* grant the motion where the judgment is void. *Dobbins v. Mendoza*, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997). Thus, this court reviews de novo whether a trial court erred by failing to grant a motion to vacate a void judgment. *Id*. It is the burden of the party claiming defective service to prove that there was no valid service. *Woodruff v. Spence*, 76 Wn. App. 207, 210, 883 P.2d 936 (1994). The post-judgment moving party has the same burden of upsetting an affidavit of service that the party would have prior to judgment. *Id*. Moreover, the fact that an affidavit of service may be defective in some manner is not the equivalent of saying that service was not properly accomplished. CR 4(g)(7). When an affidavit is insufficient, a plaintiff may file an amended affidavit or provide additional evidence. *Williams v. S.S. Mut. Underwriting Ass'n*, 45 Wn.2d 209, 226-227, 273 P.2d 803 (1954).

---

[1] We do not read the trial court's oral ruling as finding that the motion was untimely brought, so we do not discuss that concern.

No. 35734-1-III
*EGP Invest., LLC v. Marvin Frear, et ux.*

Here, the Frears demonstrated that Nolan was not the person served by Rhodes. However, this does not mean that service was not properly accomplished. The trial court found that Rhodes served someone at the house claiming to be Nolan. While the evidence suggested that the "someone" was in fact Mr. Frear, the trial court correctly noted that it did not have to specify who was served. The evidence presented did not establish that service was not properly accomplished. The fact that the person's name was unknown does not diminish the fact that service was properly accomplished on a person living at the residence.

The trial court did not err in concluding that the Frears failed to demonstrate that service was invalid. They did not satisfy CR 60(b)(5); the trial court therefore correctly rejected the motion to vacate.

*Attorney Fees and Costs in the Trial Court*

The Frears also contend that the trial court erred in granting attorney fees to EGP, claiming that EGP was not properly licensed as a collection agency at the time. After briefs were filed in this appeal, we rejected this argument in *Fireside Bank v. Askins*, 6 Wn. App. 2d 431, 430 P.3d 1145 (2018).

In order to pursue collection work in Washington, a collection agency must be properly licensed in this state. RCW 19.16.110; RCW 19.16.250(1). Violations of the collection agency act (ch. 19.16 RCW) also constitute violations of the consumer protection act (ch. 19.86 RCW). RCW 19.16.440. An entity that violates RCW 19.16.250

5

may lose the right to collect interest and costs; recovery is limited to the amount of the original claim. RCW 19.16.450.

In *Askins*, we recently concluded that a party cannot assert a collection agency act claim as a defense to a collection action. 6 Wn. App. 2d at 437-439. Instead, violations of the act must be pursued as consumer protection act claims by filing an action or counterclaim under chapter 19.86 RCW. *Id*.

Accordingly, we reject the Frears' challenge in light of *Askins*.

*Attorney Fees on Appeal*

Both parties seek attorney fees in this court. Since the Frears do not prevail, we deny their claim.

EGP claims fees under the original credit card contract. RCW 4.84.330. Although a copy of the contract is attached to the pleadings filed in the trial court, that copy is not signed by the Frears. The existence of the original judgment against the Frears, supported by a standard contract containing an attorney fees provision, allowed the trier of fact to conclude that the Frears were parties to the agreement. The trial court implicitly made such a determination here, a decision supported by the evidence.

However, this court declines at this time to make the same finding. In the absence of a contract signed by the Frears, we deny attorney fees on appeal to EGP. We caution the parties not to read more into this aspect of our ruling than the fact that we are denying

6

the fees. Neither party should consider this an invitation to further litigation of this matter.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Siddoway, J.